MoKiNNBY, J.,
delivered the opinion of the court.
The plaintiffs in error were sued in an action of debt, upon certain bills single executed by their testator to the defendant in error. To this action, the defendants below, pleaded, first, a pie a of set-off, of a judgment recovered in the same court, by confession, at the September term thereof, 1842, in favor of their testator, against said Buchanan, for the sum of one thousand one hundred and fifty-nine dollars and twenty-two cents, which exceeded the debt sued for; and out of which judgment, they offered to set-off an amount equal to the debt and damages demanded in the declaration.
The defendants also pleaded, secondly, the plea of paymmt; and, thirdly, accord and satisfaction. To the plea of set-off, the plaintiff put in two distinct replications : first, nul tiel record; and, secondly, payment of the judgment set forth in the plea. The pleadings appear to have been made up, at the return term, May, 1849. And, at the January term, 1852, the defendant’s counsel moved the court to compel the plaintiff to elect on which of the two replications to the plea of set-off, *557 nul tíel record, or payment, lie would rely. Tbe court sustained this motion, and put the plaintiff to his election; and the plaintiff having elected to rely on the replication of ntd tiel record, the court ordered the replication of payment to be struck out; to all which, the plaintiff excepted.
At the same term of the court, the several issues, including the issue upon the replication of rml Uel record, to the plea of set-off, were submitted to a jury, and were all found in favor of the plaintiff, and, thereupon, judgment was rendered upon the verdict, from which the defendants appealed- in error to this court.
The bill of exceptions shows that on the trial, the defendant offered to read as evidence, in support of the plea of set-off, the record of a judgment, by confession, in the circuit court of Davidson, at the September Term, 1852, for one thousand one hundred and fifty-nine dollars and twenty-two cents. The record of said judgment is as follows:
“ Jas. Ridley, Ex'r of Geo. Ridley, vs. Moses Buchanan:
“ The parties appear by their attornies, and the defendant, in proper person, confesses judgment in favor of the plaintiff, for the sum of eleven hundred and fifty-nine dollars and twenty-two cents. Thereupon it is considered by the court that the plaintiff recover of the defendant said sum as confessed, together with his costs and that execution issue.”
The court held that this record was inadmissible under the plea, on the ground that it was a judgment in favor of the defendant’s intestate, not in his own right, but as executor of George Eidley. The defendant then offered to prove that James Eidley had accounted and paid to the estate of George Eidley, the amount of *558 said judgment, but tbe court held, that this proof was not admissible under the issue of nul Mel record.
From the foregoing statement of the proceedings in this cause, it will be sufficiently apparent, that they are erroneous in several respects, and as to both parties.
1. The court erred in submitting the issue of rml Mel record, to the jury. This is an issue, triable alone by the court, upon inspection of the record, and, in the transcript before us, there is no finding or judgment of the court thereon.
2. The court erred against the plaintiff, (who has likewise prosecuted a writ of error to this court,) in striking out the replication of payment to the plea of set-off. It is true, in general, that neither at common law, nor under our statute of 1194, ch. 1, § 26, is it allowable to put in more than one replication to the same plea. The statute 4 and 5 Ann. Oh., 16, applies only to pleas, not to replications; .and so of the act of 1194, which provides that the “plaintiff in replevin, or defendant in any other action, may plead as many several matters, as may "be necessaoy for Ms defense, so that he be not permitted to plead and demur to the whole.”
And it may be observed, that this right to plead several distinct pleas to the same declaration or count, which was unknown to the common law, and which, by the statute, 4 and 5, Ann., requires leave of the court, and is subject to various exceptions and restrictions, is, by our statute, an absolute and unqualified matter of right.
. But, although the statute does not, generally speaking, extend to replications, it seems that, under our practice, the case of a plea of set-off has been treated as an exception to this general rule. This exception proceeds upon the ground that the plea of set-off is in the nature *559 of a cross-action. "With, reference to such, plea, tlie attitude of tbe parties may be regarded as changed. The defendant becomes actor, and must make out his case, upon the plea, as if he were suing in a cross-action. And it would seem reasonable that the plaintiff, against whom the set-off is offered, and who, as to such plea, is put upon the defensive, should be allowed to make his defense in precisely the same mode as if he were sued in a cross-action. And this he can do in no other way than by pleading, in the form of different replications to the plea of set-off, as many several matters as may be necessary for his defense. If this were not allowable, it would be put in the power of the defendant, by electing to set up his demand by way of set-off rather than sue upon it in a separate action, to deprive his adversary of the benefit of several defenses, intended to be secured to him by the Act of 1794; 1 Murphey’s Eep., 154. We cannot, upon this point, coincide with Mr. Chitty, who inclines to a different opinion; 1 Chitty PL, 588.
That, under our practice, a defendant, sued in debt upon a record, might plead rml tiel record, and also payment, is a proposition which, we suppose, cannot be controverted. The former may be a proper and necessary defense in such case, upon the ground of a variance in the statement of the record. But as this plea merely puts in issue the existence of the record, as stated, any matter in discharge must be pleaded. Certainly the cases to which we have been referred, are no authority against the propriety of such a practice.
Er the case in 10 Ohio Eep., 137, to a special plea in bar, a replication was filed, tendering an issue upon the matter of fact relied upon by the plea; and, at the same time, a general demurrer was filed, going to the entire *560 plea. And it was very properly held, that an issue in law and an issue of fact, could not, at tbe same time, be tendered to tbe same plea. Sucb is tbe uniform rule of tbe common law, and sucb likewise is tbe rule prescribed in tbe Act of 1794. But tbe case under consideration is not within tbis rule. Tbe issue of mil tiel record, though to be tried by tbe court on inspection of tbe record, is treated as an issue in fact; Chitty’s El., 653. Tbe case in 1 Johnson’s cases, 104, can scarcely be regarded as an authority for any purpose. The action was debt upon a judgment rendered in one of tbe courts of tbe State of Georgia. Tbe pleas were: 1st, Miol tiel record ; and, 2nd, Mil debit. On tbe plaintiff’s motion, tbe court ruled, that tbe defendant should elect which of tbe two pleas should stand, and that tbe other be struck orit. The opinion of the eourt is not given in tbe report of tbe case, nor is tbe reason for tbis order stated. The plea of nil debit, was clearly inadmissible. Tbis question has been generally regarded as put to rest by tbe case of Mills vs. Duvyce, 7 Cranch, 484, and tbe numerous subsequent cases decided in accordance with it. That case, if it does not go tbe length of deciding, that, in debt on a judgment from another State, no other plea than mtl tiel record can be pleaded, it certainly determines that nil debit is inadmissible. But tbe order putting tbe party to bis election, assumes tbe contrary doctrine, and seems to proceed upon tbe principle, that tbe defendant could not plead both pleas to tbe same count. The reason for this is not given, and we are unable to pereeive it. Upon tbe question whether tbe record offered in evidence, supports tbe issue of rml tiel record; as also, upon tbe question as to tbe evidence offered of payment of tbe judgment by James Bidley, *561 to tbe estate of Ms testator, we, at present, forbear to express any opinion.
Tbe case must be remanded for trial of tbe issue of payment, wbicb was struck out by tbe court, and which will be reinstated. Should this issue be found in favor of tbe plaintiffs, no judgment upon tbe issue of mil tiel record will be necessary, and if found otherwise, we leave it for tbe circuit court to render tbe proper judgment.
Judgment reversed.