THE PEOPLE *ex rel.* James H. Carson, County Treasurer,

*v.*

R. K. WELSH.

*Opinion filed February 21, 1907.*

1. SCHOOLS—*when members of city council are ex officio school directors.* A special charter authorizing the city council in a city which forms one school district to appoint a board of school inspectors to manage the schools of the city empowers such council to define the duties of the school inspectors, and the members of the council are therefore *ex officio* members of the board of education, within the meaning of the act of 1879, as amended, (Hurd's Stat. 1905, p. 1842,) and under section 2 of such act the mayor, with the consent of the council, should appoint a board of education to manage the schools in the place of the board of school inspectors.

2. SAME—*when a school tax is invalid.* A board of school inspectors appointed by the city council of a city under the provision of a special charter which has been repealed by the act of 1879, requiring the mayor to appoint a board of education, which shall determine the amount of the school tax and certify the same to the city council, under the hands and seals of the president and secretary of such board, cannot be regarded as a *de facto* board of education under the act of 1879, and a school tax based upon the estimate of such board of school inspectors is invalid.

3. SAME—*when school tax cannot be validated by amendment.* A school tax based upon the estimate of a board of school inspectors appointed and acting under the supposed authority of a special charter provision which had been repealed by the act of 1879, (Hurd's Stat. 1905, p. 1842,) cannot be validated, upon application for judgment of sale, by attempting to amend the certificate of levy so as to make it conform to the one required by section 4 of the act of 1879, which must be based upon the certificate of the president and secretary of the board of education.

WRIT OF ERROR to the County Court of Winnebago county; the Hon. W. C. DEWOLF, Judge, presiding.

CHARLES W. FERGUSON, Corporation Counsel, HARRY B. NORTH, State's Attorney, and L. M. RECKHOW, City Attorney, for plaintiff in error.

R. K. WELSH, and STANTON A. HYER, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a writ of error to review the judgment of the county court of Winnebago county refusing judgment and order of sale against certain real estate of defendant in error, situated in the city of Rockford, for the school tax of 1905 levied against said lands in said city.

The city of Rockford, prior to 1880, was organized under a special charter. In that year it became incorporated under the general law relating to cities, villages and towns, and the main question which arises upon this record is, should the school tax of said city for 1905 have been levied under the provisions of said special charter or under the act of 1879, as amended, entitled "An act to provide for the appointment of school directors, and members of the board of education in certain cases." (Hurd's Stat. 1905, p. 1842.)

By article 17 of its special charter the common council of the city of Rockford was given control of the schools of said city, which city formed one school district, and was authorized to appoint a board of school inspectors, not exceeding five in number, to manage the schools of said city, and the school tax of said city was to be levied by the common council upon estimates to be furnished to it by said board of school inspectors, and the tax in question was so levied. By the act of 1879, as amended, which consists of four sections, it is provided that in all cases where, by the provisions of any general or special law, the members of the common council of any city are made *ex officio* school directors or members of the board of education in and for a school district, of which said city shall constitute the whole or a part, the said school directors or members of the board of education in said city shall thereafter be appointed by the mayor of said city and confirmed by its common council, and in all

school districts to which said act applies the board of school directors or board of education shall annually certify to the common council, under the hands and seals of the president and secretary of the board, the amount of money required to be raised by taxation for school purposes in said district for the ensuing year, and the common council shall thereupon cause the amount so certified to be levied and collected in the same manner as is now provided by law for the levy and collection of taxes for school purposes in said district. While the special charter of the city of Rockford gave the common council of said city power to appoint a board of school inspectors, the common council had power to define their duties. We think, therefore, that the schools of said city were placed under the control of said common council, and that the members of the common council, within the meaning of the act of 1879, were, by virtue of the fact that they were members of that body, *ex officio* members of the board of education of said city, and that the act of 1879, as amended, applies to the city of Rockford, and that it was the duty of the mayor, with the advice and consent of its common council, to appoint a board of education in said city in accordance with the provisions of section 2 of said act of 1879, which board should have control of the schools of said city. This view of the law finds support in the cases of *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Randle,* 183 Ill. 364, and *Schmohl* v. *Williams,* 215 id. 63.

If the act of 1879 applies to the city of Rockford, it would then seem clear that under section 4 of said act, before a valid school tax could be levied in said city by the common council, the board of education of said city should determine the amount of money required to be raised by taxation for school purposes in said city for the ensuing year, which amount should be certified to the city council under the hands and seals of the president and secretary of said board, and as no such certificate was made to the common council, the tax levy for 1905 was void.

It is, however, urged that the board of school inspectors made an estimate of the amount of funds requisite to support the schools of said district for the year 1905 and presented the same to the common council of said city, and that the court erred in refusing the People leave, upon the application for judgment and order of sale, to amend said estimate so that the same would conform to the certificate provided for to be made to the common council by section 4 of the act of 1879. The board of school inspectors were not acting or attempting to act under the act of 1879, but were acting under the provisions of the special charter of said city. There had, therefore, been no attempt on the part of said board of inspectors to comply with the provisions of section 4 of the act of 1879, and there was therefore nothing in the record by which to amend said estimate. *Chicago and Northwestern Railway Co.* v. *People,* 200 Ill. 141.

It is also said that the board of school inspectors constituted a *de facto* board of education, under the act of 1879, in and for said city, and that their acts were binding, as such, upon the tax-payers of said city. There can be no *de facto* officer unless there could be a *de jure* officer. The board of school inspectors were acting under a law that had been repealed, and were not acting or claiming to act as a board of education in said city by virtue of the act of 1879. We think it therefore clear that the acts of the board of school inspectors cannot be sustained on the ground that they were acting as a *de facto* board of education under the act of 1879.

From a careful examination of this record we are of the opinion the judgment of the county court was correct and should be affirmed, which is done accordingly.

*Judgment affirmed.*