ALMA JOHNSON, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE VILLAGE OF ELMWOOD PARK, Plaintiff in Error.)

*Opinion filed June 22, 1927—Rehearing denied October 7, 1927.*

1. WORKMEN'S COMPENSATION—*when police patrolman of village is under Compensation act.* As the office of police patrolman was unknown to the common law and does not exist except by statute or ordinance, a motorcycle officer of a village is not an official of the village and is not excluded from the Compensation act within the meaning of section 5 where there is no ordinance of the village creating the office of police patrolman and where the officer was merely employed as a special traffic officer.

2. OFFICES—*there can be no officer de jure or de facto where office does not exist.* A public office can exist only by force of law, and where there is no office there can be no officer *de jure* or *de facto.*

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

DANIEL WEBSTER, Village Attorney, for plaintiff in error.

GREEN & RICE, (CHARLES E. GREEN, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

In May, 1924, Emil Johnson was employed by the village of Elmwood Park as a special traffic officer, his compensation being five dollars for each day he was on duty. June 23, 1924, the board of trustees approved the recommendation of the head of the police department that an additional police officer be regularly employed, and Johnson was added to the force at a salary of $150 a month. He took the official oath and assumed his duties as motorcycle officer. October 5, 1924, Johnson was injured in a collision between his motorcycle and an automobile and died as a result of such injuries. Application for adjustment of a claim for compensation under the Workmen's Compensation act was filed with the Industrial Commission by defendant in error, the widow of Johnson and the mother of his two children, Howard and Robert, nine and three years old, respectively. An award was denied on the ground that Johnson was an official of the village and was injured in the performance of his official duties. The superior court of Cook county set aside the order denying an award, and on the record before it found that the petitioner was entitled to recover compensation and entered an award accordingly. This writ of error is prosecuted by leave of court to review the record.

Section 3 of the Workmen's Compensation act provides that the act shall apply automatically to every incorporated village and its employees, and section 5 provides that every person in the service of an incorporated village who is not an official of such village shall be considered to be an employee. It has been held that a person appointed to the office of police patrolman is an official of the municipality which by ordinance has created the office, and that such a person is by the terms of section 5 excluded from the provisions of the Workmen's Compensation act. (*City of Chi-*

*cago* v. *Industrial Com.* 291 Ill. 23.) The office of police patrolman was unknown to the common law and does not exist in this State by statute, (*Bullis* v. *City of Chicago,* 235 Ill. 472,) and therefore does not exist in any of the municipalities of the State unless created by ordinance. (*Moon* v. *Mayor,* 214 Ill. 40; *Stott* v. *City of Chicago,* 205 id. 281.) At the time Johnson was employed as a traffic officer there was no ordinance in effect in the village of Elmwood Park creating the office of police patrolman nor was there such an ordinance in effect at the time Johnson was killed in the performance of his duties. The only ordinance of the village referring to police officers was one relating to the powers of the village marshal and the members of the police force and providing penalties for misdemeanors. There being no office it follows that Johnson was not an officer *de jure.*

But it is contended by plaintiff in error that Johnson was appointed by the village board as a police patrolman, took the official oath and performed the duties usually performed by one holding such an office, and that therefore he was an officer *de facto.* A public office can exist only by force of law, and it would be a misapplication of terms to call one an officer who holds no office. While there is some authority to the contrary, the great weight of authority is to the effect that there can be no officer *de jure* or *de facto* where there is no office to fill. (*People* v. *Knopf,* 183 Ill. 410; *People* v. *Welsh,* 225 id. 364; *City of Chicago* v. *Burke,* 226 id. 191; *Howard* v. *Burke,* 248 id. 224; *Norton* v. *County of Shelby,* 118 U. S. 425, 6 Sup. Ct. 1121; 2 McQuillin on Mun. Corp. sec. 482.) It follows that Johnson was not an official of the village of Elmwood Park at the time he suffered injuries which resulted in his death and was therefore an employee of the village and covered by the provisions of the Workmen's Compensation act.

The judgment of the superior court is affirmed.

*Judgment affirmed.*