(No. 19932.

THE CITY OF METROPOLIS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM P. BAYNES, Admr., Defendant in Error.)

*Opinion filed April 17, 1930.*

142

WALTER ROBERTS, and POPE & DRIEMEYER, for plaintiff in error.

H. A. EVANS, and HELM & HELM, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Ike Brannon, a night policeman of the city of Metropolis, in Massac county, while engaged in the performance of his duties, suffered injuries from which his death ensued on October 8, 1927. He left surviving Emma Brannon, his widow, and William Brannon, his son, whose age was fourteen years. The widow, in behalf of herself and the minor child, claimed compensation for Brannon's death under the Workmen's Compensation act and filed with the Industrial Commission an application for the adjustment of the claim. The arbitrator awarded $15 per week for the period of 280 weeks, and the Industrial Commission approved the award. A writ of *certiorari* was issued by the circuit court of Massac county to review the record of the proceeding. While the cause was pending in that court, the death of the widow was suggested, and William P. Baynes, who had been appointed the administrator of her estate, the administrator *de bonis non* of her deceased husband's estate and the guardian of the estate of the minor child, was substituted in her stead. The circuit court confirmed

the decision of the commission, and by a writ of error the record is here for a further review.

By the pertinent provisions of sections 3 and 5 of the Workmen's Compensation act (Cahill's Stat. 1927, pp. 1223, 1224; Smith's Stat. 1927, pp. 1329, 1332), the act applies automatically to a city, and the term "employee" is construed to mean every person in the service of a city, under appointment or contract of hire, expressed or implied, oral or written, except an official of the city. The only disputed question in this case is whether Brannon was an employee or an officer of the city of Metropolis. If he was an employee, the city was liable to his widow and minor child under the Workmen's Compensation act, but if he was an officer, he was excluded from its provisions. *Johnson* v. *Industrial Com.* 326 Ill. 553.

The office of policeman was unknown to the common law, and it is not created directly by statute in this State. (*Bullis* v. *City of Chicago,* 235 Ill. 472; *Moon* v. *Mayor,* 214 id. 40; *Stott* v. *City of Chicago,* 205 id. 281). Section 2 of article 6 of the Cities and Villages act (Cahill's Stat. 1927, p. 317; Smith's Stat. 1927, p. 351), provides that "the city council may, in its discretion, from time to time, by ordinance passed by a vote of two-thirds of all the aldermen elected, provide for the election by the legal voters of the city, or the appointment by the mayor, with the approval of the city council, of a city collector, a city marshal, a city superintendent of streets, a corporation counsel, a city comptroller, or any or either of them, and such other officers as may by said council be deemed necessary or expedient." The power to create the office of policeman is therefore vested in the city council of a city organized under the general act; and it follows that the office has no legal existence in any city of the State so organized unless it is created by ordinance. *Moon* v. *Mayor, supra; Stott* v. *City of Chicago, supra; Johnson* v. *Industrial Com. supra.*

The city of Metropolis was organized under the Cities and Villages act. No showing has been made that the office of policeman was created, in direct terms, by any ordinance of that city. Parts of different ordinances and certain proceedings of the city council, however, are relied upon by the plaintiff in error to establish the existence of the office. Section 1 of chapter 7 of the municipal code, after designating the elective officers of the city, continues, "and other officers may be appointed by the mayor as provided by ordinance, subject to the approval of a majority of all the aldermen authorized by law to be elected, such vote to be taken by the yeas and nays and entered of record." By section 7, the mayor, aldermen, city marshal and all policemen and watchmen are made conservators of the peace. Section 42 prescribes the duties of the night policeman, which, among others, are the preservation of order and the arrest of all persons committing a crime or violating an ordinance. Excerpts from the record of the proceedings of the city council show that on May 11, 1925, the mayor appointed Brannon night policeman, subject to the city council's approval, and that on June 8, 1925, his bond in the sum of $1500 was approved by the council.

By section 1 of chapter 7 of the municipal code, the mayor may appoint officers "as provided by ordinance" subject to confirmation by the city council. The creation of an office by an ordinance is a condition precedent to the making of an appointment to fill it. Unless an office is so created, no power to appoint an incumbent exists. With respect to section 2 of article 6 of the Cities and Villages act, above quoted, this court said in *Stott* v. *City of Chicago, supra,* "Policemen and police patrolmen, not being specifically mentioned in the act, must come within the designation of 'such other officers as may by said council be deemed necessary or expedient' and until the city council, in the exercise of its discretion, passes an ordinance by a two-thirds vote of all the aldermen elected, providing for

such office of policeman or police patrolman, * * * it cannot be said any such office exists." Likewise, section I of chapter 7 of the municipal code did not create the office of night policeman; and since it does not appear that the office was established by another ordinance, it follows that no such office exists in the city of Metropolis.

To obviate this result, the plaintiff in error insists that other sections of the municipal code of Metropolis prescribe the powers and duties of policemen and hence that the office of night policeman necessarily exists in that city. Neither provisions of that character nor an appropriation of public money to pay the salary or compensation of a person acting as a policeman can operate, standing alone, to create the particular office. (*Johnson* v. *Industrial Com. supra; Bullis* v. *City of Chicago, supra; Moon* v. *Mayor, supra*). Reliance, however, is placed upon *City of Chicago* v. *Industrial Com.* 291 Ill. 23, to support the contention of the plaintiff in error. In that case the department of police, including the offices of patrolmen, had been created by ordinance. The policeman whose status was there in question was an officer occupying a *de jure* office. The case is not in point.

Because the office of policeman had not been created by ordinance, Brannon's appointment as night policeman and the approval of his bond by the city council did not constitute him an officer of the city. There can be no officer, either *de jure* or *de facto,* when there is no *de jure* office to occupy. (*Johnson* v. *Industrial Com. supra; Bullis* v. *City of Chicago, supra; People* v. *Welsh,* 225 Ill. 364; *People* v. *Knopf,* 183 id. 410). By the appointment and qualification, Brannon entered the service of the city of Metropolis, not as an officer, but as an employee, and for that reason he was within the provisions of the Workmen's Compensation act when he suffered the injuries which resulted in his death.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*