(No. 1903— )

NANNIE L. DAVIS, ADMINISTRATRIX OF THE ESTATE OF ELI DAVIS, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 2, 1933.*

MARK C. KELLER, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

A declaration was filed in the case with the Secretary of State on May 9, 1932, alleging that the deceased, Eli Davis, during his lifetime, was in the employ of the State of Illinois as a night policeman at the Dixon State Hospital, and received compensation therefor in the sum of One Hundred Three Dollars per month, and one meal a day; that he had been employed in such capacity approximately three years, and that on June 14, 1931, he was attempting to arrest Elizabeth Dunn and Nathaniel Moten, who were aiding and abetting one Cleo Long, a patient lawfully committed and confined in the said State Hospital, to escape therefrom, and that Elizabeth Dunn shot and killed said Eli Davis near the entrance of the grounds to the hospital.

The declaration further alleges the arrest, trial and conviction of Elizabeth Dunn, who is now serving her sentence in the State Reformatory for Women at Dwight, Illinois. The declaration avers that decedent left him surviving, Nannie L. Davis, his widow and William F. Davis, a nineteen year old son, and alleges damages in the sum of Ten Thousand Dollars.

The Attorney General filed a statement in this cause on the 21st day of April, 1933, stating facts substantially in accord with the averments of the declaration. The Attorney General has examined the record of the trial court and we are furnished with a stipulation of facts, together with the verdict of the Coroner's Jury.

Although claimant has filed her claim averring damages as at common law, in the sum of Ten Thousand Dollars, her brief filed in support thereof is asking an award under the Workmen's Compensation Act.

The Attorney General recommends that the claimant be awarded a sum not to exceed Thirty-seven Hundred Fifty Dollars under the Compensation Act.

The claimant has filed numerous decisions in the Court of Claims in support of her contention, but none of these cases are, as we view the case, of any assistance to the court. The court has repeatedly said that each case must be decided according to the facts involved in the case. Practically all of the decisions cited in this court are based upon the "equity and good conscience rule."

Section 6 of the Act of 1917 creating the Court of Claims, gives jurisdiction to this court "to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with rules prescribed in the Act commonly called the 'Workmen's Compensation Act.' the Industrial Commission being hereby relieved of any duty relative thereto." It is therefore mandatory that the liability of the State must be determined in accordance with the rules prescribed in the Compensation Act shall apply automatically and without election to the State and other municipalities therein named, and to all employers and all their employees engaged in any department where certain enterprises mentioned by the statute are declared to be extra-hazardous. The deceased is described as having been a "watchman" and "night policeman." The facts before the court do not set forth specifically what deceased's duties were, except what he was doing at the time he received his fatal injury, which we think fairly brings him within the intent and meaning of the extra-hazardous occupations mentioned in the Act, unless as exempt by further provisions of the Act.

Section 4 of the Act provides that the term "employer" shall be construed, among other things, to mean the State, and Section 5 provides that the term "employee" as used in the Act shall be construed to mean every person in the service of the State and other municipalities therein mentioned, under appointment or contract of hire, express or implied, oral or written, except any totally blind person, any official of the State or of any county, etc.

The question for us to determine then is whether or not deceased was an official of the State, in accordance with the rule announced by the Supreme Court, in the case of the *City of Chicago* vs. *Industrial Commission*, 291 Ill. 23, where a policeman in the City of Chicago was accidentally killed

while attempting to restore a lamp post to its position, wherein it was held that the deceased in that case was an official, and denied compensation, or whether the deceased in the case before us was not an official. Neither counsel has aided us in this regard.

The office of watchman or night policeman was unknown to the common law and does not exist in this State by statute, and *Bullis* vs. *City of Chicago*, 235 Ill. 472, it was held that the office of police patrolman was unknown to the common law.

At the time deceased, Eli Davis, was employed in the Dixon State Hospital at "night policeman" or "watchman," there was no statute in effect creating the office. There being no office, it follows that Davis was not an officer *de jure*. A public office can exist only by force of law and there would be a misapplication of terms to call one an officer who holds no office.

While there is some authority to the contrary, the great weight of authority is to the effect that there can be no officer *de jure* or *de factor* where there is no office to fill. *People* vs. *Knopf*, 183 Ill. 410. *People* vs. *Welch*, 225 Ill. 364. *Norton* vs. *County of Shelby*, 118 U. S. 425.

We therefore conclude that Davis was not an officer of the State of Illinois, and is entitled to compensation under Paragraph A of Section 7 of the Act, and adopt the recommendation of the Attorney General, and an award is hereby made in the sum of Thirty-seven Hundred Fifty Dollars, ($3,750.00).