WISE *v.* CITY OF KNOXVILLE.

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

RAY H. JENKINS and CLYDE W. KEY, both of Knoxville, for plaintiff.

CLARENCE BLACKBURN and MAX MORRISON, both of Knoxville, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The plaintiff Wise sued the defendant City of Knoxville for back salary in the amount of $11,045.32. The Circuit Judge allowed a recovery for this amount less $7,061.59, the amount the plaintiff earned during his suspension, and the lower court entered a judgment in favor of the plaintiff for the sum of $3,987.73. The plaintiff alone has appealed.

The plaintiff was a policeman in the City of Knoxville. In March, 1948 he was suspended and later discharged from his position because of having been charged with a felony.

Under Section 75, subsection (c) of the charter of the City of Knoxville, entitled "Probation period for civil service employees; suspension or discharge," plaintiff appealed an adverse decision of the Director of Public Safety and Mayor to the Circuit Court of Knox County, as a result of which he was ordered reinstated. The judgment was affirmed by the Court of Appeals and we denied certiorari on December 14, 1951. Plaintiff was immediately reinstated by the defendant.

The sole question presented is whether the plaintiff Wise was an officer who held an office in the sense that he is entitled to his full back salary without deduction.

■ In *Corfman* v. *McDevitt*, 111 Colo. 437, 142 P. (2d) 383, 150 A. L. R. p. 100, it is stated that where a private employee is wrongfully discharged and later restored to his position, he is required to minimize his damages and the employer is entitled to credit any outside earnings that he has received during the time that he was excluded from his position. Under a large majority of the decisions, the same rule applies to an employee of a municipality.

■ This rule does not apply to a public officer who, when wrongfully excluded from his office, is entitled to recover his full salary without any diminution on account of outside earnings.

See *Mayor etc. of City of Memphis* v. *Woodward*, 59 Tenn. 499.

In this case, Dr. Woodward was elected physician of the City Hospital; his predecessor enjoined him from entering upon the discharge of the duties of the office and the injunction continued in effect until the office was abolished. The predecessor performed the duties of the office and was paid the salary. Woodward then sued the City of Memphis for the salary of the office accruing during the time he was excluded therefrom by the injunction. The Court upheld his right to recover such salary and used this language:

"The question upon these facts is, whether the Mayor and Aldermen were liable to pay the salary of Dr. Woodward, although they had paid Dr. Lynch for the same term of service, during which Dr. Woodward was entitled to the office and its salary?

"The decision in the case of Lynch v. Lafland et al. is conclusive as to Woodward's title to the office and to the emoluments.

"The right to exercise a public office is a species of property, equally with any other thing capable of possession, and the law affords adequate redress when the enjoyment of it is wrongfully prevented. 3 Kent, 454; 2 Ala. (N. S.), 31.

"The same doctrine is recognized in *Dodd* v. *Weaver,* [34 Tenn. 670,] 2 Sneed [670,] 673.

"But the right to the office does not entitle the officer to the compensation as under a contract: he takes it subject to the authority of the creating power to modify the compensation, or to discontinue the office. *Haynes* v. *State,* 3 Humph. 480; *Hoke* v. *Anderson* [Henderson, 15 N. C. 1] 4 Dev. 1.

"With this qualification, the officer is entitled to the office and to its emoluments, and to redress for interference with his rights."

\*　\*　\*　\*　\*　\*

"What, then, is the effect of a payment made to Lynch, who was not legally entitled to it, under an injunction which was afterward dissolved because it had been granted erroneously?

"Whatever may be the legal effect of such a payment as between the Mayor and Aldermen and Lynch, we know of no principle upon which it can be held to be a satisfaction of Woodward's claim."

■ ■ An "officer" when used in the sense of one who holds an "office" which entitles him to the salary for the entire term, carries with it the idea of tenure for a definite duration, definite emoluments and definite duties which are fixed by statute.

*Day* v. *Sharp,* 128 Tenn. 340, 161 S. W. 994; *Hunter* v. *Conner,* 152 Tenn. 258, 277 S. W. 71; *State ex rel.* v. *Bratton,* 148 Tenn. 174, 180, 253 S. W. 705. See also 67 C. J. S., Officers, Sec. 5, p. 112 et seq.

The charter of the City of Knoxville from beginning to end refers to policemen as employees. Charter, Secs. 121, 123 and 124. In these charter provisions, policemen and firemen are referred to together. Certainly it cannot be said that a fireman is an officer.

If a policeman is injured in line of duty, he receives employee benefits as a railroad employee would. If the Mayor, who is an officer, is injured in line of duty, he does not receive employee benefits in such a manner.

A City Director, under the charter of Knoxville, can retire a policeman or any other employee but cannot retire an official.

The city policeman is paid a salary like a railroad engineer or brakeman. He must report at a certain hour and goes off duty at a certain hour. He does the work assigned to him like a secretary or a nurse at a municipal hospital.

A policeman is not an officer; but a mayor, a sheriff or a judge is an officer.

*Kirmse* v. *City of Gary,* 114 Ind. App. 558, 51 N. E. (2d) 883; *Curry* v. *Hammond,* 154 Fla. 63, 16 So. (2d) 523; *Caswell* v. *Somerville Retirement System,* 306 Mass. 373, 28 N. E. (2d) 231; *Murphy* v. *Industrial Commission,* 355 Ill. 419, 189 N. E. 302.

It is well settled that in case of employees, the city is entitled to a deduction from salary of any amounts earned by him during suspension.

150 A. L. R. 115, 116, 120.

The plaintiff relies on *Cornett* v. *City of Chattanooga,* 165 Tenn. 563 56 S. W. (2d) 742. However, this case is to be distinguished from the present case because that decision was a construction and interpretation of the Workmen's Compensation Act and effective only as such, and also Cornett's status was determined by a proper construction of the Charter of the City of Chattanooga. Neither the Workmen's Compensation Act nor the Charter of the City of Chattanooga is relevant to the present appeal. That this limitation of the effect of the decision in *Cornett* v. *Chattanooga* is correct has already been announced by this Court in *Woods* v. *City of LaFollette,* 185 Tenn., 655, 661, 207 S. W. (2d) 576.

It results that the assignments of error must be overruled and the judgment of the lower court is affirmed.