BOLTON F. POLK

*v.*

JOE E. TORRENCE et al.

405 S.W.2d 575.

(*Nashville,* December Term, 1965.)

Opinion filed July 27, 1966.

CHARLES E. GRIFFITH, III, Nashville, for plaintiffs in error.

HENRY DENMARK BELL, Nashville, for defendant in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Polk was discharged from his employment as a janitor for the Metropolitan Government of Nashville, Davidson County. He was reinstated to this position, that is, as a janitor, by reason of the fact that the Metropolitan Government did not comply with certain rules and requirements of the Charter which covered such matters.

Polk was a night janitor and worked from 4 p.m. until 11 p.m. Monday through Friday each week. During the time of this employment he likewise in off hours worked for a Nashville concern at which he earned $87.47 a month. Of course, this job did not interfere with his City job. During the time he was suspended from his work, from October 15, 1964, until October 1, 1965, he likewise did some extra work for this same private employer on Saturdays and Sundays.

After the Chancellor determined that Polk was entitled to be reinstated, he also held, if necessary, the matter could be referred to a Master to determine whether or not the Metropolitan Government was entitled to any offset. The parties entered into a stipulation wherein they stipulated in effect, or almost in verbatim language, as that above said. There is nothing whatsoever in this stipulation to show that any of this extra work during this period of layoff was done during the hours of his regular employment with the City. The fact is, it is stipulated and conceded that the City would not be entitled to a setoff for the $87.47 a month that he earned from this company, but the additional amount that he earned over and above this is the bone of contention here. In other words, the City takes the position that this additional amount should be setoff against the stipulated amount due Polk for the time he was laid off of approximately a year, and "the only question remaining for determination by the Court is as to whether or not, under the above stipulated state of facts, the original respondent, Metropolitan Government, is entitled to a setoff in any amount." The Chancellor determined the matter against the Metropolitan Government and they have seasonably appealed and argue this single question.

In 22 Am.Jur.2d, Damages, sec. 71, this question is answered thus:

"* * * the wages which were earned, or could have been earned, in the similar employment, should be deducted from the employee's recovery only if the taking of the second job was or would be possible because of the breach. Where the employee could have performed both jobs, there should be no reduction in the damages recovered from the defaulting party for

the wages which were earned or could have been earned; the reason for this is that the breach remains the cause of the loss of wages which the employer contracted to pay."

■ There are cases cited to support this proposition, and it seems to us that in logic and common sense this is the correct rule to apply because if one working as a night janitor, as this man did, was able to do other jobs, not interfering with this job where he was regularly employed, he certainly should be able to boost his earnings in doing such work. He should not be penalized for the necessity of having a second job from his earnings on that job when it does not interfere with his time and service on his contract job.

■ It is likewise the general rule that where one claims a setoff the burden of establishing the right of this setoff is upon the one claiming it. *Ridley's Ex'rs v. Buchanan,* 32 Tenn. 555.

Among other authorities which can be found supporting our conclusion herein, which concurs with that of the Chancellor, is that of *People ex rel. Bourne v. Johnson,* 48 Ill.App.2d 307, 199 N.E.2d 68 (1964 decision), wherein the Illinois court followed the reasoning of the Chancellor as above indicated. Among other things in that case, it is said:

"Therefore, in order to be entitled to a deduction for the plaintiff's liquor store earnings, defendants would have had to prove that this work was a substitute, in whole or in part, for the lost employment. This could have been proved either by showing the work was inconsistent with the former employment, i. e., duplicating the hours; or that plaintiff failed to seek substitute employment, in effect then treating the night job as

his regular job. The stipulation of facts is silent as to both alternatives, and no testimony was offered.''

This same reasoning applies herein. The stipulation instead of, even by inference or otherwise, concluding that the extra earnings were during the hours of his civil service job, was to the contrary. It seems to us, too, that the Metropolitan Government more or less concedes that the Chancellor was correct when they concede that they would not be entitled to setoff the monthly salary of $87.47 which this man earned and was earning at the time he held this employment. Insofar as these stipulations are concerned, as to what else this man earned above this salary, which it is conceded was not entitled to be setoff, this clearly throws any other earnings in exactly the same category.

After having carefully considered the matter we think the Chancellor should be affirmed.

█ The general law is, of course, that when an employee has been wrongfully discharged by his employer he is entitled to receive his actual loss of wages but it is his duty to minimize this loss by seeking other employment. *Wise v. City of Knoxville,* 194 Tenn. 90, 250 S.W.2d 29. In the *Wise* case the Court made this statement:

"It is well settled that in case of employees, the city is entitled to a deduction from salary of any amounts earned by him during suspension.''

This statement is not applicable to the factual situation as presented in the instant case. In the *Wise* case the sole question there was whether or not a City policeman was ''a public officer''. The question here presented was not raised, and the right of the City to setoff in that case was not an issue. In the present case it is conceded that the

employee was a janitor and not a public officer. In other words the rule that the employee, who has been wrongfully discharged, is only entitled to receive his actual loss of wages and has the duty to minimize is subject under a factual situation as here stated to the rule as herein announced.

The judgment below must be affirmed.