958 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ken WILSON, Plaintiff-Appellee,
v.
J.D. HILL, Defendant-Appellant.
 No. 91-5890.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In May of 1989, defendant, J. Don Hill, bought King-Hill Mines stock from Charles Winson, Bruce Winson, and Elmer Kincaid, and at the same time executed a stock purchase agreement. Hill agreed to pay thirty monthly payments of $5,000.00 each (a total of $150,000), beginning June 1, 1989. In an unrelated transaction, the defendant executed a promissory note, dated June 8, 1989, payable to the Winsons in the principal amount of $200,000. This promissory note called for two equal installments, the first on June 8, 1989, and the next on June 8, 1990.[1]
 
 
 2
 By two separate writings dated August 18, 1989, the Winsons assigned their rights under both the stock purchase agreement and the note to the plaintiff, Ken Wilson, for $250,000. Notice was sent to the defendant on August 21, 1989, of the assignment instructing Hill to make his future payments to "Stephen L. Barden, III, Trustee." At that time, Hill had already been delinquent in paying the first note installment.
 
 
 3
 Plaintiff, as assignee, sued the defendant in the district court based on diversity jurisdiction for payments due on both the stock purchase agreement and the note, seeking a total of $330,000 in principal amount. The defendant asserted a right to set-off arising from debts the plaintiff's assignors, the Winsons, owed to the defendant under seven other unrelated transactions. The district court found that the plaintiff was a holder in due course of both the stock purchase agreement and the note and, therefore, was not subject to the defendant's personal defenses. Also, in rejecting the defendant's claims of set-off, the district court granted summary judgment for the plaintiff for $330,000 and awarded him prejudgment interest at the rate of 8%.[2] The defendant appeals, maintaining that he has a right to set-off against the plaintiff as assignee and that under the circumstances, plaintiff is due no prejudgment interest since none is provided in the contract agreement. Defendant maintains that the agreement, under applicable Tennessee law, is not a negotiable instrument and that Wilson is not a holder in due course.
 
 
 4
 Tennessee law is controlling in this diversity case. Marrical v. Detroit News, Inc., 805 F.2d 169, 171-72 (6th Cir.1986); Colonial Refrigerated Transp., Inc. v. North Carolina Occidental Fire and Casualty Co., 705 F.2d 821, 825 (6th Cir.1983); The district court's grant of summary judgment is reviewed de novo. See McAdoo v. Dallas, 932 F.2d 522, 523 (6th Cir.1991). Summary judgment is appropriate only where no issue of material fact exists and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c). We have adopted standards and principles for determining whether such a summary judgment motion should appropriately be granted in Street v. Bradford and Co., 886 F.2d 1472, 1476-1481 (6th Cir.1989).
 
 
 5
 The plaintiff concedes, as he must, that he is not a holder in due course of the stock agreement because it is not made payable to order or to bearer. See Tenn.Code Ann. § 47-1-201(20) (Supp.1991) ("holder"), § 47-3-102(1)(e) (1979) ("instrument"), and § 47-3-104(1)(d) (Supp.1991) ("negotiable instrument"). He further concedes that the district court erred in finding this agreement to be a negotiable instrument. The plaintiff claims, however, that despite the district court's error in this regard, summary judgment was still appropriate.
 
 
 6
 With respect to defendant's liability on the promissory note only, we AFFIRM the grant of summary judgment, despite the somewhat unusual circumstances of the assignment. See McConnico v. Third Nat'l Bank of Nashville, 499 S.W.2d 874 (Tenn.1973). We also AFFIRM the district court's award of prejudgment interest on the unpaid balance of the promissory note. We will REMAND, however, on the issue of set-off against the amount found to be due to plaintiffs for the reasons hereafter stated.
 
 
 7
 The plaintiff argues that, although he is not a holder in due course of the stock purchase agreement,[3] the defendant cannot assert any right to set-off that arises out of claims of the defendant that matured after the assignment took place. The plaintiff also argues that the UCC applies in this case because of Tenn.Code Ann. § 47-3-805 (1979) which provides in pertinent part:
 
 
 8
 This chapter applies to any instrument whose terms do not preclude transfer and which is otherwise negotiable within this chapter but which is not payable to order or to bearer, except that there can be no holder in due course of such an instrument.
 
 
 9
 Wilson claims that the sales agreement falls within that section because it is a negotiable instrument in all respects except that it is not made payable to bearer.
 
 
 10
 The defendant claims that, although the transaction may fall within the commercial paper chapter of the UCC, it does not fall within the parameters of the secured transactions chapter according to Tenn.Code Ann. § 47-9-102 (Supp.1991):
 
 
 11
 Policy and subject matter of chapter.--(1) Except as otherwise provided in § 47-9-104 on excluded transactions, this chapter applies:
 
 
 12
 (a) to any transaction ... which is intended to create a security interest ... and
 
 
 13
 (b) to any sale of accounts or chattel paper.
 
 
 14
 The defendant argues that under the quoted statute this transaction was not intended to create a security interest, nor was it a sale of accounts or chattel paper. See Tenn.Code Ann. § 47-9-106 (Supp.1991) ("account"); § 47-9-105(b) (Supp.1991) ("chattel paper").
 
 
 15
 We find it necessary that the district court decide whether the UCC or the Tennessee common law controls under the present circumstances. The district court should then determine whether the defendant's claim of set-off is valid and, if valid, to what extent it applies to the amount due under the stock purchase agreement. Prejudgment interest shall be determined upon remand.
 
 
 16
 We remind the parties that the general rule is that the burden of establishing set-off is upon the defendant. See Polk v. Torrence, 218 Tenn. 680, 405 S.W.2d 575, 576 (1966); see also Rolfe v. County Bd. of Education, 391 F.2d 77, 81 (6th Cir.1968); Fulton v. Tennessee Walking Horse Breeders Assoc., 476 S.W.2d 644, 654 (Tenn.App.1971).
 
 
 17
 We, accordingly, REMAND to the district court to decide the issue of set-off raised by defendant Hill.
 
 
 
 [1]
 The defendant concedes that he executed both the agreement and the note, and that he has made only four payments under the agreement, but none on the note
 
 
 [2]
 The district judge provided in his order that the plaintiff was to be awarded prejudgment interest and directed the plaintiff to submit a calculation of the interest to date. The district court, however, has not yet fixed an amount of interest
 
 
 [3]
 A holder in due course is a holder who takes the instrument for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. T.C.A. § 47-3-302(1). To the extent that a holder is holder in due course, he takes the instrument free from all claims to it on the part of any person and all defenses of any party to the instrument with whom the holder has not dealt except the enumerated "real defenses." See, T.C.A. § 47-3-305
 McConnico v. Third Nat'l Bank in Nashville, 499 S.W.2d 874, 880, (Tenn.1973).