(No. 21199.—)

THE CITY OF MACOMB, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—MARY WHITTLESEY, Defend-
ant in Error.)

*Opinion filed April 23, 1932—Rehearing denied June 10, 1932.*

ORR, J., dissenting.

EDWIN L. HARRIS, City Attorney, and McKENNA &
HARRIS, (JAMES J. McKENNA, and ABRAHAM W. BRUS-
SELL, of counsel,) for plaintiff in error.

E. D. GRIGSBY, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the
court:

Defendant in error, Mary Whittlesey, filed an applica-
tion for compensation arising out of the death of her hus-
band, J. Edward Whittlesey, a policeman of plaintiff in
error city. The arbitrator, on hearing, found that deceased
and plaintiff in error were on November 29, 1930, the day
of Whittlesey's death, operating under the provisions of

the Workmen's Compensation act; that deceased sustained accidental injury resulting in his death which arose out of and in the course of his employment and entered an award under paragraph (*a*) of section 7 of the Workmen's Compensation act. The Industrial Commission confirmed and entered the award, as did the circuit court of McDonough county. The cause is here on writ of error.

There is but one question in the case, and that is whether the deceased was an employee of the city of Macomb at the time of his death. Plaintiff in error contends that he was not an employee but was an officer.

Section 1 of article 3 of the ordinances of the city of Macomb provides for the election of certain officers. By section 2 the mayor of that city, with the approval of the city council, is required to appoint, at the regular meeting of the city council to be held on the third Tuesday of April of each year, or as soon thereafter as practicable, certain officers, among which are the city marshal and two policemen, such officers, when appointed, to hold their respective offices for the term of one year and until their successors are appointed and approved in accordance with the ordinance. On April 15, 1929, the records of the city council show that there were named by the mayor and approved by the city council the following officers: "City marshal, Theo. Ford, night police, Luther Jackson and Charles Landsown, and motorcycle police, Earl L. Foster; city engineer, Henry H. Fuhr, and street superintendent, P. C. Campbell." The records of the proceedings of the city council show that on motion made and seconded these appointments were confirmed on aye and nay vote. These officers qualified. Luther Jackson continued to act as policeman and Earl L. Foster as motorcycle police up to the day of Whittlesey's death. Landsown acted as policeman from April 15, 1929, to May 1, 1929, when he resigned. Jesse E. Brown was appointed as policeman by the mayor, with the approval of the city council, at the regular meeting of the council

held on May 6, 1929, and continued in that service until March 7, 1930, when he resigned. On this date the deceased took up the duties of policeman. There appears to have been no record of his appointment at that time, but on April 15, 1930, the mayor presented the following list of appointments: "City marshal, Theo. Ford, night police, Luther Jackson and Edward Whittlesey, motorcycle police, Earl L. Foster," etc. The records of the city council in evidence show, concerning those appointments, as follows: "Upon motion made by alderman Simpkins and seconded by alderman Ward the appointments were confirmed. There was no roll call, but everybody seemed to be in favor of it." Following these appointments the said appointees took an oath of office and commissions were issued to them. That issued to Whittlesey was dated April 15, 1930, and recites that he had been duly appointed to the office of night police and was qualified to perform all the duties of said office. It was stipulated that the city of Macomb is incorporated under the Cities and Villages act of 1872.

Plaintiff in error argues that by these proceedings deceased became an officer of the city and not an employee and was therefore not under the Workmen's Compensation act, while defendant in error contends he was not an officer but an employee. The basis of her contention as presented by her counsel is, that the records of the proceedings of the city council of April 15, 1929, show the appointment of Theo. Ford as city marshal, Luther Jackson and Charlie Landsown night policemen and Earl L. Foster as motorcycle policeman; that these officers were confirmed by an aye and nay vote; that Jesse Brown was regularly appointed night policeman to succeed Landsown, and that when Brown resigned on March 7 no regular appointment and confirmation was then or thereafter made of Whittlesey, with the result that Foster, who had been appointed as motorcycle policeman, became policeman in the place of Brown, and there being no break in the continuity of service of these men

they continued to hold the offices of policemen. This argument is based on the fact that the record shows no aye and nay vote on the confirmation of the appointments as shown in the records of the proceedings of the city council on April 15, 1930. Whether this argument is sound depends in the first instance on whether Foster was a policeman. As we have seen, the ordinance authorized the appointment of a city marshal and two policemen. Foster was appointed as a motorcycle policeman and his commission was issued to him as such. In *Johnson* v. *Industrial Com.* 326 Ill. 553, it was held that a motorcycle officer of a village is not an official of the village where there is no ordinance of the village creating the office of police patrolman. The principle in that case was also recognized in *Moon* v. *Mayor*, 214 Ill. 40, and *Stott* v. *City of Chicago*, 205 id. 281. Under these holdings Foster was not a policeman as contemplated by the ordinance, and defendant in error's argument that his continued service as motorcycle policeman showed that he was one of the two policemen authorized by the ordinance at the time Whittlesey was appointed cannot be · sustained. Those who were acting as policemen under the ordinance after April 15, 1930, were Jackson and Whittlesey.

Counsel for defendant in error says, however, that as the resolution of April 15, 1930, confirming Whittlesey's appointment was not adopted by an aye and nay vote, it was not, therefore, a valid action under section 13 of article 3 of the Cities and Villages act, which requires an aye and nay vote upon the passage of all ordinances and all propositions to create any liability against the city. Though this were conceded to be correct, does it necessarily follow that Whittlesey was an employee? The question then arises whether he was a *de facto* officer. That term is defined in law. A *de facto* officer is one who is in actual possession of an office under claim and color of an election or appointment and is in the exercise of the functions of such office and in the discharge of its duties. Such officer is to

be distinguished on the one hand from a mere usurper of an office and on the other hand from an officer *de jure*. (*Waterman* v. *Chicago and Iowa Railroad Co.* 139 Ill. 658.) In *City of Chicago* v. *Burke,* 226 Ill. 191, it was said: "Where there is an existing legal office, one who assumes to fill the office and acquires the reputation of being the officer he assumes to be will be an officer *de facto* although there may be some irregularities in his appointment, election or qualification which would be fatal to his title in a direct proceeding." To the same effect are *People* v. *Schmidt,* 281 Ill. 211, and *Lavin* v. *Cook County Comrs.* 245 id. 496.

We are of the opinion that Whittlesey was at least a *de facto* officer and as such was not an employee, and the contention of defendant in error that he was not legally confirmed by the city council could not, if sound, be held of prevailing weight. The circuit court therefore erred in confirming the award. The order of that court is reversed and the award set aside.

*Order reversed and award set aside.*

Mr. JUSTICE ORR, dissenting.