(No. 31421.—

THE CITY OF WEST FRANKFORT *et al.*, Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES DAWSON, Defendant in Error.)

*Opinion filed September 21, 1950.*

POPE & DRIEMEYER, of East St. Louis, for plaintiffs in error.

M. J. HANAGAN, of West Frankfort, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This court has allowed a writ of error to review a judgment of the circuit court of Franklin County, awarding compensation to defendant in error, James Dawson, a police patrolman of the city of West Frankfort. Dawson filed an application for adjustment of claim with the Industrial Commission on August 13, 1948, to recover compensation for injuries which he sustained to his right knee on May 21, 1948, as the result of a fall upon a public sidewalk while on duty in said city. A hearing was held before the arbitrator, who found that Dawson was entitled to have and receive from plaintiffs in error, the city of West Frankfort and Maryland Casualty Company, 17$\frac{4}{7}$ weeks compensation for temporary total disability and 171 weeks compensation for 90 per cent loss of the use of his right leg. The Industrial Commission affirmed the award of the arbitrator and on *certiorari* this decision was affirmed by the circuit court.

It was stipulated that the only questions in dispute were: (1) The amount of compensation due, if any; and (2) whether Dawson was an employee as defined by section 5 of the Workmen's Compensation Act.

Plaintiffs in error contend that Dawson was an official and not an employee of the city of West Frankfort and is therefore excluded from the application of the compensation act by the express terms of section 5 thereof. Ill. Rev. Stat. 1947, chap. 48, par. 142.

Section 5 of the Workmen's Compensation Act provides, in part, as follows: "The term 'employee' as used in this Act shall be construed to mean: First—every person in the service of the State, * * * county, city, town, township, incorporated village or school district, body politic, or municipal corporation therein, under appointment or contract of hire, * * * except * * * any official of the State or of any county, city, town, township, incorporated village, school district, body politic or municipal corporation therein * * *."

It is well settled that at common law a policeman is not an officer and the office exists only when created by statute or municipal ordinance. *Krawiec* v. *Industrial Com.* 372 Ill. 560; *Moon* v. *Mayor*, 214 Ill. 40.

The record reveals that section 92 of chapter 12 of the municipal code of West Frankfort provided as follows: "92. *Police Patrolman, Office Created, Appointment.* The office of police patrolman is hereby created. The number of patrolmen shall be determined by the council. The patrolmen shall be regular policemen of the city; shall be appointed, according to law; they shall be in charge of the commissioner of public health and safety."

Sections 93, 94, 95, 96 and 97 of chapter 12 of the municipal code of West Frankfort pertain to policemen of the city and provide for bond, oath, salary, duties, reports and penalties for neglect of duty. On October 20, 1947, the city council of West Frankfort, in regular session, passed and approved resolution No. 36, which, in part, is as follows: "Be It and It is Hereby Resolved by the City Council of the City of West Frankfort, Franklin County, Illinois, That James Dawson be and is hereby employed to

serve as Police Patrolman for the West Frankfort City Police Department."

Plaintiffs in error urge that this ordinance created an office of police patrolman and that resolution No. 36 appointed Dawson an officer of the city of West Frankfort, and their effect is to bar Dawson from the provisions of the Workmen's Compensation Act by virtue of section 5 thereof.

The language of section 92 of chapter 12 of the municipal code seems clear and understandable: "The office of police patrolman is hereby created." Dawson, being appointed, was injured while discharging the duties of police patrolman and there seems to be no basis for doubt that he was an "officer" of the city of West Frankfort.

In *City of Chicago* v. *Industrial Com.* 291 Ill. 23, cited and relied upon by plaintiffs in error, the ordinance there created the office of police patrolman. One Gilbert Coyne, a police patrolman, was killed in the course of his duties and claim was filed under the compensation act. This court, in reversing an award, held that Coyne was an official of the city and as such was excluded from the provisions of the compensation act by virtue of section 5 thereof. The terms of the ordinance are not set out in the opinion, but the holding there was decisive that where an ordinance creates an office of police patrolman, persons holding that office are excluded from benefits under the Workmen's Compensation Act. We also held in the case of *City of Macomb* v. *Industrial Com.* 348 Ill. 611, that where there is an ordinance creating the office of a policeman, one appointed to that office is a *de facto* officer where he assumes and exercises the functions of that office, even though the appointment is not confirmed by the city council. We held in that case that such an appointee was excluded from the benefits of the Workmen's Compensation Act.

In *Morris* v. *Central West Casualty Co.* 351 Ill. 40, an employer included himself in the coverage of liability in-

surance calculated to cover compensation act liability. The question was presented whether, by that arrangement, the employer was required to proceed under the compensation act. This court, in holding the compensation act did not apply, said, at page 44: "The Industrial Commission therefore does not possess jurisdiction to entertain a proceeding against an insurer upon its contract unless an employer and employee are involved and the employer has failed to pay an award entered against him."

It seems apparent that the essential ingredient of proceedings under the compensation act is that there exists an employer-employee relationship. When an applicant is an officer of a city, section 5 of the act expressly precludes that relationship and prevents the operation of the act.

Defendant in error in the proceedings below objected to the introduction of chapter 12 of the municipal code of West Frankfort, on the ground that it was not shown that publication had been made as required by section 10-3 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1947, chap. 24, par. 10-3.) In this court defendant in error strenuously contends that the appointment of Dawson was not according to law, for the reason that it was not shown under what authority the city of West Frankfort was organized, nor whether its city government is operating under the commission form. The record reveals no evidence on either of these contentions. The ordinance, so far as the record discloses, is proper in form and validly enacted. The presumption is in favor of the validity of an ordinance or statute and the burden of showing its invalidity is upon him who asserts it. (*Zadworny* v. *City of Chicago*, 380 Ill. 470; *Chicago and Alton Railway Co.* v. *Averill*, 224 Ill. 516; *Harmon* v. *City of Chicago*, 140 Ill. 374.) We do not find anything in the record here indicating the city of West Frankfort exceeded its powers in the enactment of the ordinance in question. As to the alleged defect in the appointment of Dawson as a police patrolman, it was

held in *City of Macomb* v. *Industrial Com.* 348 Ill. 611, that one exercising the function of the office of policeman is a *de facto* officer, even though his appointment was not confirmed. We find no merit to these contentions.

Defendant in error also contends that the city of West Frankfort elected to place itself and its employees under the act by its stipulation that it was operating under the compensation act and by its insuring its liability thereunder; that under section 1 of the act, employers not automatically within, may elect to bring their employees within, the act, citing *Edmonds* v. *Industrial Com.* 350 Ill. 197, and *Meyer* v. *Industrial Com.* 347 Ill. 172. We find no logic in this argument, for the reason it assumes the very question on which the case turns. If Dawson had been an employee and not an officer there would have been no doubt of the liability under the act. The fact is, he was an officer and not an employee, and section 5 of the act precludes any right to elect whether he may come under the act. It is apparent the real substance of the contention is that, even though precluded by section 5, still the parties may, by election and stipulation, assume the rights and duties given under the act. To so hold would deprive the General Assembly of power to limit the application of its enactments. As was said in *City of Chicago* v. *Industrial Com.* 291 Ill. 23, "The act is a humane law of a remedial nature, and wherever construction is permissible its language should be liberally construed, but it is for the General Assembly to say who shall be included within the provisions of the act, and the courts are not authorized to bring within the scope of the act persons who are excluded by its express terms." It is apparent that jurisdiction to hear proceedings under the compensation act cannot be conferred by the election of parties.

It is contended by defendant in error that it is manifestly unjust to permit the insurer in this case to accept premiums on the policy of insurance purporting to cover

him and then let it escape by virtue of the bar of section 5 of the compensation act. This argument is morally persuasive but legally ineffective to remove the exclusion placed in section 5 by the legislature.

From a careful analysis of this record, we are of the opinion defendant in error Dawson was an officer of the city of West Frankfort at the time of his injury and, by the express terms of section 5 of the compensation act, could not be an employee as therein defined. Under such conditions it was error to enter the award.

The judgment is reversed and the award of the Industrial Commission is set asde.

*Judgment reversed; award set aside.*