(No. 40616.—

THE CITY OF DANVILLE, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROBERT G. HANDLEY, Appellant.)

*Opinion filed November 30, 1967.*

SEBAT, SWANSON & BANKS, of Danville, (ROBERT J. BANKS, JR., of counsel,) for appellant.

STIFLER & SNYDER, of Danville, (THOMAS C. STIFLER III, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order of the circuit court of Vermilion County setting aside an award of compensation by the Industrial Commission to claimant, Robert G. Handley, for injuries sustained by him while acting as a policeman in the City of Danville.

The facts are not in dispute. It was stipulated that the claimant was a sergeant in the police department of Danville; that his appointment and usual course of duties were in accordance with the provisions of the ordinance of the City of Danville, Illinois; that on February 27, 1964, while cleaning guns in the arsenal of the police department a cartridge in a gun exploded injuring the claimant's right hand, which injury arose out of and in the course of his duties as a police sergeant; that the respondent, the City of Danville, has elected to come under the provisions of the Workmen's Compensation Act (Ill. Rev. Stat. 1965, chap. 48, pars. 138.1-138.28) by purchasing insurance to cover liability under that Act as to all employees other than policemen, firemen and city officials.

The disputed issue is whether claimant was an employee

of the city under the provisions of the Act. The arbitrator found that he was an employee and awarded compensation, and the award was affirmed by the Industrial Commission. Upon review the trial court reversed the decision of the Industrial Commission.

Upon this appeal the claimant argues that the Industrial Commission had jurisdiction of the respondent and the subject matter and that it properly found that claimant was an employee within the meaning of the Act. Respondent, however, insists that claimant is an "official" of the city and therefore excluded from the operation of the Act.

The Workmen's Compensation Act defines the term "employee" in part as follows: "Every person in the service of the State, including all persons in the service of the University of Illinois, county, city, town, township, incorporated village or school district, body politic, or municipal corporation therein, under appointment or contract of hire, express or implied, oral or written, *except* any official of the State or of any county, city, town, township, incorporated village, school district, body politic or municipal corporation therein and *except* any duly appointed member of the fire department or police department in any city whose population exceeds 200,000 according to the last Federal or State census, and except any member of a fire insurance patrol maintained by a board of underwriters in this State." Ill. Rev. Stat. 1965, chap. 48, par. 138.1(b). (Emphasis added.)

The Danville ordinances pursuant to which the claimant was appointed provide as follows:

"There is hereby created the office of policemen or patrolmen within the city. Twenty-nine such patrolmen shall be appointed by the board of Fire and Police Commissioners." Sec. 25—10.

"There is hereby created the office of police sergeants. The third in rank in the police department shall be the police sergeants." Sec. 25—7.

"The mayor, as the chief executive officer of the city and as commissioner of public affairs, shall exercise a general supervision over the police department and the officers therein insofar as such supervision shall not interfere with the provisions of the board of [*sic*] Fire and Police Commissioners' Act adopted by the city * * *." Sec. 25—2.

Under the decision in *City of West Frankfort* v. *Industrial Com.,* 406 Ill. 452, the claimant is clearly a city official and therefore excluded from the provisions of the Act. In that case the claimant was a patrolman appointed pursuant to an ordinance which provided: "The office of police patrolman is hereby created. The number of patrolmen shall be determined by the council. The patrolmen shall be regular policemen of the city; shall be appointed, according to law; they shall be in charge of the commissioner of public health and safety." The claimant was injured in the course of his duties and the court reversed an award on the ground that claimant was an official excluded from the Act, saying at page 458: "From a careful analysis of this record, we are of the opinion defendant in error Dawson was an officer of the city of West Frankfort at the time of his injury and, by the express terms of section 5 of the compensation act, could not be an employee as therein defined. Under such conditions it was error to enter the award."

It was also contended in that case that the city of West Frankfort elected to place itself and its employees under the Act by its stipulation that it was operating under the Act, and by its insuring its liability thereunder, and that under the Act, employers not automatically within the Act may elect to bring their employees within the Act. The court rejected the argument, stating at page 457: "The fact is, he was an officer and not an employee, and section 5 of the act precludes any right to elect whether he may come under the act. It is apparent the real substance of the contention is that, even though precluded by section 5, still the parties may, by election and stipulation, assume the rights and

duties given under the act. To so hold would deprive the General Assembly of power to limit the application of its enactments. * * * It is apparent that jurisdiction to hear proceedings under the compensation act cannot be conferred by the election of parties."

It is noted that although the city of West Frankfort purported to cover its policemen by insurance under the Workmen's Compensation Act, the City of Danville has excluded the policemen from its insurance coverage.

Claimant appears to concede the *West Frankfort* case is not distinguishable on its facts, and frankly asks that we abandon the rule set forth in that decision. He argues that the rule makes the coverage of the Workmen's Compensation Act dependent on the language chosen by a city in providing for police officers. With this we agree. At common law a policeman was not an officer of the city (*Krawiec* v. *Industrial Com.*, 372 Ill. 560, 563), and this court has considered policemen to be employees of a city in the absence of an ordinance creating an office. (*Village of Creve Coeur* v. *Industrial Com.*, 32 Ill.2d 430.) However, since *Moon* v. *The Mayor*, 214 Ill. 40, it is clear that municipalities may, by ordinance, create the "office" of policeman.

The distinction was clearly pointed out in *Krawiec* v. *Industrial Com.*, 372 Ill. 560, 563-564, where the court stated: "The ordinance in question, after establishing a police department, goes on to create, by sections 2 and 11 thereof, the offices of captain and police lieutenants. The wording in both sections is certain and definite: 'There is hereby created the office of' etc. Section 14 treats of police patrolmen, and ordains: 'The city council shall annually, on the first Monday in May, in each year, appoint an operator and such number of police patrolmen as the council may, by resolution, determine to be necessary, who shall hold their office for one year, and until their successors are appointed and qualified, unless sooner discharged as herein

provided.' From an examination of the difference of the wording of the sections above quoted it appears that no intent was present to create the office of patrolman, as in the instance of the other offices. The meaning of the framers of the ordinance is made clear; no office was to be created unless such was definitely stated."

It is therefore true that policemen in one city may be covered by the Act while a policeman in a similar city with similar duties may be excluded from the Act, depending solely on the local ordinance creating the position. However, we see no inherent vice in such a result. The legislature has chosen to exclude "officials" from the operation of the Act and has provided no further criteria or definition to determine who is an official.

Subsequent to the decision in the *West Frankfort* case the legislature amended the Act to specifically exclude members of the police and fire departments in cities whose population exceeds 200,000 persons. Claimant argues that this indicates an intention to include all police officers in cities of less than 200,000. We assume that the legislature was mindful of the *West Frankfort* decision, and could have specifically included such police officers under the Act if it so desired. Since it failed to do so, we do not believe the additional exclusion of Chicago policemen vitiates the force of the *West Frankfort* decision.

Under these circumstances we adhere to the conclusion reached in the *West Frankfort* case that the legislature intended to permit municipalities to exclude policemen from the operation of the Workmen's Compensation Act by enacting an appropriate ordinance creating the office of policeman.

The claimant, however, argues that the effect of the Act as we interpret it is to create an unreasonable classification by the division of policemen into two classes, and therefore violates section 22 of article IV of the Illinois con-

stitution. We cannot agree. There is always a presumption that the General Assembly acted conscientiously, and a court will not interfere with its judgment unless the classification is clearly unreasonable and palpably arbitrary, and all reasonable doubts are to be resolved in favor of upholding the validity of the statute. *Latham* v. *Board of Education,* 31 Ill.2d 178.

We do not believe that claimant has met the burden of establishing the invalidity of the statute. We do not believe it unreasonable for the legislature to classify municipal officials differently than employees. In *People ex rel. Reilly* v. *City of Chicago,* 337 Ill. 100, it was held reasonable for the Civil Service Act to permit the city of Chicago to exclude certain employees from its operation by denominating them "laborers."

The municipality here had the power to create the office of policeman (*Murphy* v. *Industrial Com.,* 355 Ill. 419; Ill. Rev. Stat. 1965, chap. 24, par. 3—4—19), and thereby bring claimant within the classification excluded from the operation of the Act. By such action police officers also received benefits of tenure, pensions, and disability rights which are clearly sufficient to justify a reasonable classification. Ill. Rev. Stat. 1965, chap. 24, pars. 10—2.1—1 *et seq.,* chap. 108½, pars. 3—101 *et seq.*

We therefore conclude that claimant is an official of the City of Danville and therefore specifically excluded from the operation of the Act. It is unnecessary to consider if he would otherwise have been covered by the Act.

The judgment of the trial court is affirmed.

*Judgment affirmed.*