(No. 40820.—

THE COUNTY OF WINNEBAGO, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Leona V. Goldy *et al.*, Appellees.)

*Opinion filed January 19, 1968.—Rehearing denied March 26, 1968.*

JOHN E. SYPE, Special Assistant State's Attorney, of Rockford, for appellant.

SMITH, PENNIMAN, MCGREEVEY & DONOHUE, of Rockford, for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

This is an appeal from the order of the circuit court of Winnebago County affirming the award of compensation to claimants, the widow and minor child of Bill D. Goldy, for his death while serving as a deputy sheriff. Compensation had been awarded by the arbitrator against Winnebago County and the Industrial Commission upheld the award. On *certiorari* the circuit court, as stated, confirmed the award.

The controlling circumstances are not controverted. Goldy was a full-time deputy sheriff, regularly appointed by the sheriff of Winnebago County. Pursuant to statute (Ill. Rev. Stat. 1965, chap. 125, pars. 7, 8, 9) he had given an indemnifying bond and had taken and subscribed the same oath as the one administered to a sheriff, which was filed in the office of the county clerk.

On April 15, 1965, Bill D. Goldy, while in the normal course of duties, was dispatched, with another deputy, to serve a mittimus on one Hinkle. Hinkle eluded Goldy and the other deputy at his place of employment and the deputies proceeded to his home. There Hinkle, upon seeing the

deputies and the two police officers, who had been sent to assist them, locked himself in his house. Deputy Goldy forced the door lock of the house by pushing his shoulder against the door and after a minor scuffle Hinkle was placed under arrest. Hinkle was then taken to the deputies' squad car by Goldy and ordered to get into the back seat. As Goldy opened the rear door of the squad car, he suffered a heart attack from which he died.

The appellant, County of Winnebago, has not elected to come under the provisions of the Workmen's Compensation Act. Ill. Rev. Stat. 1967, chap. 48, pars. 138.1 through 138.28.

Several questions are presented here but the first requiring resolution is whether it is correctly contended that Goldy was an official of the appellant county and not an employee within the meaning of the Workmen's Compensation Act (Ill. Rev. Stat. 1967, chap. 48, par. 138.1(b)), and therefore not covered by the Act.

The Workmen's Compensation Act defines the term "employee" as: "Every person in the service of the State, including all persons in the service of the University of Illinois, county, city, town, township, incorporated village or school district, body politic, or municipal corporation therein, under appointment or contract of hire, express or implied, oral or written, except any official of the State or of any county, city, town, township, incorporated village, school district, body politic or municipal corporation therein and except any duly appointed member of the fire department or police department in any city whose population exceeds 200,000 according to the last Federal or State census, and except any member of a fire insurance patrol maintained by a board of underwriters in this State." Ill. Rev. Stat. (1967), chap. 48, par. 138.1(b).

Deputy sheriffs are recognized in section 9 of article X of the Illinois constitution: "The number of the deputies and assistants of such officers [including sheriffs] shall be

determined by rule of the circuit court, to be entered of record, and their compensation shall be determined by the county board."

Our statutes specifically provide for the appointment, the powers, and the duties of deputy sheriffs. Section 7 of the Act relating to sheriffs and deputies (Ill. Rev. Stat. 1967, chap. 125, par. 7) provides that a sheriff may appoint one or more deputies not exceeding the number allowed by rule of court and may take a bond from him for his indemnity. The deputy's appointment must be in writing and signed by the sheriff, and each deputy shall take and subscribe the same oath or affirmation as required of the sheriff before entering upon his duties of office. (Ill. Rev. Stat. 1967, chap. 125, pars. 8 and 9.) Section 12 of the same act authorizes a deputy sheriff to perform any and all duties of the sheriff and provides that the acts of the deputy are the acts of the sheriff. (Ill. Rev. Stat. 1967, chap. 125, par. 12.) Also, the sheriff is liable for any neglect or omission of the duties of office occasioned by a deputy as he would be for his own personal neglect or omission. Ill. Rev. Stat. 1967, chap. 125, par. 13.

Section 24 of article V of the Illinois constitution defines an office as "a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor elected or appointed."

Unlike a policeman, who was not an officer of the city at common law (*Krawiec* v. *Industrial Com.*, 372 Ill. 560, 563; *Murphy* v. *Industrial Com.*, 355 Ill. 419), a deputy sheriff was generally held to occupy an office and was viewed as a public officer. (See *Blackburn* v. *Brorein*, (Fla.) 70 So.2d 293; 80 C.J.S. sheriffs and Constables, sec. 2, and 47 Am. Jur. Sheriffs, Police and Constables, sec. 154.) The deputy and the sheriff were considered as one and the same person at common law and the acts of the deputies were the acts of the sheriff. (*Holland* v. *Mayes*,

155 Fla. 129, 19 So.2d 709; 80 C.J.S. Sheriffs and Constables, sec. 2; compare Ill. Rev. Stat. 1967, chap. 125, par. 12, and Ill. Rev. Stat. 1967, chap. 131, par. 1.08.) Accordingly, the relationship of sheriff and deputy was not considered an employment nor a master-servant relationship. See *Holland* v. *Mayes,* 155 Fla. 129, 19 So.2d 709; Am. Jur. sec. 154.

The appellees argue, however, that the Merit System for Deputy Sheriffs Act, approved June 22, 1965 (Ill. Rev. Stat. 1967, chap. 34, par. 859.1), indicates that deputy sheriffs are employees within the meaning of the Workmen's Compensation Act. We cannot agree. Initially, we observe that at the time of Deputy Goldy's death the Merit System for Deputy Sheriffs Act, which does not apply to a county unless adopted, and, parenthetically, it has not been adopted by Winnebago County, had not been enacted. Also, an examination of the Act discloses that while the legislature has authorized a plan for determining the qualification of deputies for appointment and promotion, as well as for their tenure of office, the legislature did nothing to manifest an intent to alter a deputy's status as an officer or employee within the meaning of the Workmen's Compensation Act.

We have never passed on the specific question whether a deputy sheriff is an employee within the meaning of the Workmen's Compensation Act. While there is some authority holding a deputy to be an employee in this reference, the typical holding is that he is not to be considered an employee. (See *Bowden* v. *Cumberland County,* 123 Me. 359, 123 A. 166; and Larson, Workmen's Compensation Law, sec. 56.31.) Based on the authority we have herein considered we deem that the deputy sheriff must have been regarded as an official and not an employee of the county of Winnebago within the meaning of the Workmen's Compensation Act.

Some States have specifically covered deputy sheriffs

in their compensation acts but our legislature has chosen not to do so.

Therefore, we reverse the judgment of the circuit court of Winnebago County affirming the award of compensation to the claimants, and set aside the award.

*Judgment reversed;*
*award set aside.*