(No. 45651.

THE COUNTY OF COOK, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Joanne Watson, Appellee.)

*Opinion filed November 30, 1973.*

BERNARD CAREY, State's Attorney, of Chicago (SHELDON GARDNER, Chief of Civil Division, and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel), for appellant.

WILLIAM J. HARTE, of Chicago (KEVIN M. FORDE, HAROLD L. RIFKEN, and MANN & RIFKEN, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The claimant, Joanne Watson, filed an application for adjustment of claim to recover workmen's compensation benefits for severe and permanent injuries she sustained on February 3, 1969, while serving as a juvenile probation officer for the circuit court of Cook County. The

arbitrator's decision finding her to be an employee of Cook County and awarding benefits was affirmed by the Industrial Commission and by the circuit court of Cook County on review. The County of Cook appeals.

There is no dispute as to the extent of the claimant's injuries or as to the fact that they arose out of and in the course of the performance of her duties as a probation officer. The sole issue on appeal is whether the claimant, for the purposes of workmen's compensation, was an "employee" of Cook County and therefore entitled to workmen's compensation benefits or whether she was an "official" of the County and therefore expressly excepted from coverage pursuant to the terms of section 1(b) of the Act. The pertinent provisions of that section in effect at the time she was injured provided that the term "employee" means: "Every person in the service of the State, including all persons in the service of the University of Illinois, county, city, town, township, incorporated village or school district, body politic, or municipal corporation therein, under appointment or contract of hire, express or implied, oral or written, *except any official of the State or of any county,* city, town, township, incorporated village, school district, body politic or municipal corporation therein ***." (Ill. Rev. Stat. 1967, ch. 48, par. 138.1(b), emphasis supplied.) For the reasons hereafter stated, we are of the opinion that the claimant was an employee rather than an official of Cook County, and the judgment below therefore must be affirmed.

An "official" within the meaning of section 1(b) of the Workmen's Compensation Act has been held to be one who was either recognized as a public official at common law or who holds a public "office" created by the constitution or by law. The office of sheriff was created by the 1870 constitution (Ill. Const. (1870), art. X, sec. 8), and in *County of Winnebago v. Industrial Com. (1968), 39 Ill.2d 260,* a deputy sheriff was held to be an official of the county since at common law the sheriff and his deputy

were considered as one and the same person. In a series of cases dealing with the question of whether a particular policeman was an official of the municipality he served, we held that unlike a deputy sheriff, a policeman was not generally recognized as holding a public office at common law and is not an "official" in the absence of a statute or ordinance creating an office for the position in question. (*Krawiec v. Industrial Com. (1939), 372 Ill. 560; Murphy v. Industrial Com. (1934), 355 Ill. 419; City of Metropolis v. Industrial Com. (1930), 339 Ill. 141; Johnson v. Industrial Com. (1927), 326 Ill. 553.*) Only in those cases where a position was specifically designated as an "office" have we found the individual occupying such a position to be an "official" within the meaning of the Act. *City of Danville v. Industrial Com. (1967), 38 Ill.2d 479; City of West Frankfort v. Industrial Com. (1950), 406 Ill. 452; City of Pekin v. Industrial Com. (1930), 341 Ill. 312.*

The County of Cook suggests that the Juvenile Court Act creates the office of probation officer by providing for appointment of probation officers by the chief judge of the circuit. (Ill. Rev. Stat. 1969, ch. 37, par. 706—5(1).) It is also argued that probation officers perform fixed public duties involving the exercise of discretion, that the position requires the taking of an oath of office and that probation officers are appointed to serve at the pleasure of the appointing power, all of which are characteristics of persons holding public office. The answer to the County's arguments in this regard is that notwithstanding the foregoing factors, a person is not an official unless he actually holds an office. A statute or ordinance does not create an office by merely referring to the position or providing for appointment thereto but must definitely state that an office has been created. (*Krawiec v. Industrial Com. (1939), 372 Ill. 560; Murphy v. Industrial Com. (1934), 355 Ill. 419; City of Metropolis v. Industrial Com. (1930), 339 Ill. 141.*) As we stated in *Krawiec:* "We cannot agree that because decedent took an oath of office,

made a bond, was called an officer, or because his tenure was called 'term of office' he thereby became an 'officer' when no 'office' was actually in existence." (372 Ill. at 564.) And in *Johnson v. Industrial Com. (1927), 326 Ill. 553, 555,* in answer to the contention that the claimant was an officer *de facto* because he was appointed by the village board as a police patrolman, took an official oath and performed the duties usually performed by one holding such an office we stated: "A public office can exist only by force of law, and it would be a misapplication of terms to call one an officer who holds no office. While there is some authority to the contrary, the great weight of authority is to the effect that there can be no officer *de jure* or *de facto* where there is no office to fill."

In further support of its contention that the claimant was an official rather than an employee, the County cites certain language in *Shea v. Sweitzer (1918), 285 Ill. 465,* to the effect that a probation officer holds an office in the county created by the legislature. At the outset we note that *Shea* did not deal with the question of whether a probation officer was an "official" within the meaning of the Workmen's Compensation Act, but rather with the issue of whether the Officers and Employees Pension Fund Act of 1915 applied to a junior typist employed by a probation officer in the circuit court of Cook County. The pension act in question provided for deductions from the salaries of both officers and employees in the service of the county. The typist contended that deductions from her salary pursuant to the pension act violated section 10 of article X of the 1870 constitution which provided in pertinent part that "The county board *** shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other necessary expenses." This court held that the foregoing constitutional provision applied to officers whose positions were created by the constitution; that a probation officer did not hold a constitutional office and was therefore not

a "county officer" within the purview of section 10 of article X; but that even though a probation officer was not a county officer for these purposes, he nevertheless was an "officer" in the service of the county within the meaning of the pension act so that he and his employees came within the express terms of that act. It is evident that the use of the words "office" and "officer" in the opinion were limited to the context of the pension act and its constitutionality. The determination in *Shea* that a probation officer held an office in the county and was an officer for purposes of the pension act clearly is not controlling authority for the proposition that a probation officer is a public "official" within the meaning of section 1(b) of the Workmen's Compensation Act.

Subsequent to the date of the claimant's injury on February 3, 1969, section 1(b) of the Workmen's Compensation Act was amended to specifically include probation personnel of the juvenile court within the definition of the term employee. As amended, the statute provides in pertinent part that the term "employee" as used in the Act means: "Every person in the service of the State, including members of the General Assembly and all persons in the service of the University of Illinois, county, city, town, township, incorporated village or school district, body politic, or municipal corporation therein, under appointment or contract of hire, express or implied, oral or written, including all members of the Illinois National Guard while on active duty in the service of the State, *and all probation personnel of the Juvenile Court appointed pursuant to Article 6 of the Juvenile Court Act,* except any official of the State, other than members of the General Assembly, and except any official of any county, city, town, township, incorporated village, school district, body politic or municipal corporation therein ***." (Ill. Rev. Stat. 1969, ch. 48, par. 138.1(b), emphasis supplied.) The County argues that an amendment to a statute creates the presumption that the legislature intended to change

the law as it formerly existed and that in applying that presumption to the case before us it must be concluded that prior to the amendment of the statute juvenile probation officers were not intended to be considered as employees subject to coverage under the Workmen's Compensation Act. The rule of statutory construction on which the County relies is not a hard and fast rule which must be applied indiscriminately in all cases. As we stated in *Roth v. Northern Assurance Co. (1964), 32 Ill.2d 40, 50:* "While it is ordinarily assumed that an amendment is intended to change the law as it formerly existed, that assumption is not controlling. (See *Scribner v. Sachs, 18 Ill.2d 400, 411.*) To ascribe such a purpose to all amendatory legislation would make it hazardous or impossible to clarify existing ambiguities so that future misinterpretation could be avoided or the recurrence of an erroneous judicial interpretation prevented. (See *People ex rel. Clark v. Village of Wheeling, 24 Ill.2d 267.*)" Considering the broad scope of the Workmen's Compensation Act and its intended objects and purposes, we do not agree that the 1969 amendment to the Act compels the conclusion that prior to the amendment probation officers were not intended to be included within the coverage of the Act.

The judgment of the circuit court of Cook County affirming the decision of the Industrial Commission awarding benefits to the claimant is affirmed.

*Judgment affirmed.*