(No. 47056

THE COUNTY OF COOK, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Thomas McMahon, Appellee.)

*Opinion filed September 26, 1975.*

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, Chief-Civil Actions Bureau, and Alan L. Fulkerson, Assistant State's Attorney, of counsel), for appellant.

John E. Lusak, of Chicago, for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The claimant, Thomas McMahon, filed an application to recover workmen's compensation benefits for injuries he sustained on September 4, 1971, while serving as a deputy sheriff of Cook County. The arbitrator denied the claim, ruling that although McMahon was an employee of Cook County within the meaning of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1 *et seq.*), he had failed to prove that his injuries arose out of and in the course of his employment. That decision was set aside by the Industrial Commission, which awarded substantial benefits to McMahon for temporary total incapacity and fractures of the skull and facial bone. On review, the circuit court of Cook County affirmed the major portion of the award, reversing that part relating to the fracture of the facial bone. Pursuant to Supreme Court Rule 302(a)(2) (50 Ill.2d R. 302(a)(2)), the County of Cook appeals directly to this court from that judgment.

At the time of claimant's injuries on September 4,

1971, workmen's compensation benefits were unavailable to officials of counties and other local governmental units due to their exclusion from the definition of "employees" found in section 1(b) of our Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(b)). In construing section 1(b), this court held in *Winnebago County v. Industrial Com.* (1968), 39 Ill.2d 260, that deputy sheriffs were not employees, but, rather, were county officials ineligible for coverage under the Act.

Section 1(b) was amended on October 1, 1972, to include deputy sheriffs within the definition of "employees" (Ill. Rev. Stat. 1973, ch. 48, par. 138.1(b)), thereby extending to them the benefits of the Act. However, in the absence of any indication of legislative intent that it be applied retroactively, the amendment has prospective application only and does not affect the resolution of this case since claimant's injuries were incurred prior to passage of the amendment. (*In re Estate of Krotzsch* (1975), 60 Ill.2d 342, 345, and cases there cited.) The application of *Winnebago County* would clearly necessitate the reversal of claimant's award. It is urged, however, that *Winnebago County* is not controlling, primarily because it has been impliedly overruled by the adoption of the Illinois Constitution of 1970 and also because it can be distinguished factually from this case.

In *Winnebago County,* evidence had been presented that the deputy sheriff had given the bond and taken the oath required by statute of all deputy sheriffs in this State (Ill. Rev. Stat. 1973, ch. 125, pars. 7, 8, 9). We do not find persuasive claimant's contention that the absence of such evidence here is sufficient to distinguish this case from *Winnebago County*. There is no evidence in this record that claimant did not perform the statutory requirements. Moreover, not only did claimant fail to raise this issue below, but he introduced in evidence his employee's identification card listing his title as deputy sheriff, and his counsel stated during the circuit court hearing that

claimant was a deputy sheriff. In light of these facts, we will not presume from the record's silence that claimant's position was anything other than that of a deputy sheriff of Cook County.

In deciding *Winnebago County,* this court cited section 9 of article X and section 24 of article V of the Illinois Constitution of 1870, neither of which appears in the Illinois Constitution of 1970. That constitution became effective on July 1, 1971, prior to claimant's injuries. We do not agree, however, with claimant's contention that we relied heavily on these two sections in *Winnebago County* or that their absence from the 1970 Constitution renders *Winnebago County* inapplicable to any case arising after the effective date of the new constitution. As we have recently observed, "An 'official' within the meaning of section 1(b) of the Workmen's Compensation Act [is] one who was either recognized as a public official at common law or who holds a public office created by the constitution or by law" (*County of Cook v. Industrial Com.* (1973), 55 Ill.2d 540, 542), making clear that the primary basis for the holding of *Winnebago County* was the recognition of deputy sheriffs as public officials at common law, not the creation of the "office" of deputy sheriff by the 1870 Constitution. (55 Ill.2d 540, 542-43.) Consequently, *Winnebago County* was unaffected by the adoption of the 1970 Constitution and remains the controlling law for any case arising prior to the amendment of section 1(b) on October 1, 1972, thereby requiring that claimant, a deputy sheriff, be denied any workmen's compensation benefits because of his status as a county official at the time of his injuries.

Insofar as the judgment of the circuit court of Cook County affirmed the award, it is reversed.

*Judgment reversed.*