(No. 49484.▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

THE CITY OF ROCKFORD, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.*—(Mark E. Emigholz,
Appellee.)

*Opinion filed January 27, 1978.*

598

A. Curtis Washburn and Stephen W. McCarty, of Rockford, for appellant.

John L. Heaslip, of Rockford, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

On March 3, 1972, the claimant, Mark E. Emigholz, filed an application for adjustment of claim with the Industrial Commission to recover workmen's compensation benefits from the respondent, the city of Rockford, for injuries sustained in an accident on December 22, 1971. The claimant alleged that on that date he was serving the respondent as a police officer. The arbitrator awarded the claimant $4,758, and the Commission affirmed the decision of the arbitrator. The respondent took an appeal by *certiorari* to the circuit court of Winnebago County, which ultimately confirmed the decision of the Commission, and the respondent filed a notice of appeal to this court under Rule 302(a) (58 Ill. 2d R. 302(a)). The

circuit court stayed its final judgment pending disposition of the appeal.

At the time of the claimant's injury, section 1(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(b)) included within the class of employees eligible for compensation under the Act persons in the service of a municipal corporation (or of another type of local entity) "except any official" thereof. Effective October 1, 1975, section 1(b) was amended to include "officials" within the definition of "employees." (1975 Ill. Laws 2492, 2495.) The parties do not contend that the 1975 amendment was retroactive, and we agree that the proceedings here were governed by the law in effect when the claimant's injuries occurred. (*County of Cook v. Industrial Com.* (1975), 61 Ill. 2d 284, 286.) The question on this appeal is thus whether the claimant was an official, as distinguished from an employee.

The hearing before the arbitrator on the claimant's application was originally set for June 5, 1972. For reasons which do not appear of record the Commission issued seven successive notices, each of which postponed the hearing, and, as a result, the hearing did not take place until November 7, 1973. On that date no one appeared for the respondent, and the arbitrator conducted an *ex parte* hearing, at which the only witness was the claimant.

The claimant testified that on the date of his injury he was employed by the respondent as a police officer. On the night of December 22, the police had received a report that a burglar alarm had been set off at an auto parts establishment. The claimant and his partner responded to the call. The portion of the premises where cars were stored was surrounded by a corrugated metal fence some seven feet high. In order to climb the fence so as to enter the fenced-off area and conduct a search, the claimant stood on a wooden crate, which broke while he had one hand on the top of the fence, causing his hand to be

dragged along the edge of the fence. Since there is no contention that the claimant was not injured in the course of his employment, or that the award was excessive, it is not necessary to describe in detail the extent of his injury. It is enough to state that the claimant was taken to a hospital for emergency treatment and for immediate surgery, and that a report by an examining physician which was introduced in evidence stated that permanent injury to his hand had resulted.

The arbitrator's award was rendered November 8, 1973. The respondent filed a petition for review, and on January 17, 1975, a hearing before the Commission took place. At this hearing the respondent offered no testimony but presented a "memorandum of law" in which, for the first time, the contention was made that the claimant was an official of the city of Rockford. The respondent also tendered copies, certified by the city clerk of Rockford, of sections 21—1 and 21—6 of the city ordinances. Section 21—1 creates a police department to consist of the chief of police and such number of other members as provided by ordinance. Section 21—6 provides in part as follows:

"In addition to the chief of police, the following offices and grades of offices in the police department shall be created and the members of the department shall be graded and classified accordingly: captains, lieutenants, sergeants, police patrolmen, and policewomen as designated by section 2—132 of this Code."

On February 4, 1975, the Commission affirmed the award, and the respondent then took an appeal to the circuit court by *certiorari*. The court set aside the decision of the Commission, and remanded the cause for the purpose of taking further evidence.

On the remanded hearing no additional testimony was introduced, and the Commission reaffirmed the award of the arbitrator. The respondent then took a second appeal to the circuit court, which again set aside the Com-

mission's order and remanded the cause, this time because of a claimed failure of the Commission to give proper notice of the hearing to the respondent's counsel. On this second remand it does not appear from the record what evidence, if any, was offered by either party, but the Commission once again affirmed the arbitrator's original award.

The respondent then took a third appeal to the circuit court, and this time the court confirmed the Commission. It is from this latter judgment that the present appeal is prosecuted.

The prior orders of the circuit court remanding the cause were interlocutory and not appealable. However, as we noted in *Downey v. Industrial Com.* (1969), 44 Ill. 2d 28, 29, appeal of the final order of the circuit court brings the entire record before us and permits review of the correctness of the remanding orders. See also *Allis Chalmers Manufacturing Co. v. Industrial Com.* (1971), 50 Ill. 2d 2, 5-6.

From the report of proceedings it is difficult to determine whether the remandment orders were based on the court's belief that proof of the claimant's employment as a policeman could not rest solely on his own uncorroborated testimony, or whether the remandment was based on the proposition that further testimony was required to determine whether the claimant's position was that of an official.

As to the first alternative, the claimant's testimony that he was employed as a policeman was not controverted, and we see no reason why the claimant should be required to authenticate his testimony by that of other persons. *Atlantic & Pacific Tea Co. v. Industrial Com.* (1977), 67 Ill. 2d 137, 141. If the remandment was for the purpose of taking testimony on whether the claimant was an official, it was equally improper.

Some jurisdictions have taken a functional approach

to the question of a claimant's status, looking to such factors as the degree of sovereign power exercised by the claimant, the importance and independence of his position, and whether he is required to be bonded and to take an official oath. (See 1A A. Larson, Workmen's Compensation secs. 56.20, 56.31.) Under such an approach it might well have been necessary to put in evidence bearing on the criteria just enumerated. The exception previously existing for officials which was found in section 1(b) of the Act would have been a matter of defense, and the burden of proving that it was applicable would have fallen upon the respondent. (*People ex rel. Illinois Armory Board v. Kelly* (1938), 369 Ill. 280.) Since the respondent failed to introduce any such evidence of official status either before the arbitrator or in the hearing on review, the proper action by the circuit court on the first appeal would have been to confirm the decision of the Commission. We do not believe that the respondent would have been entitled to a second opportunity to put in that defense.

In Illinois, however, the functional approach is not followed. Instead, the question whether a policeman is an official (assuming that he is not such at common law, and is not made so by the Illinois Constitution or by statutory provision) hinges on whether the municipal ordinance by virtue of which he serves creates an "office." *Johnson v. Industrial Com.* (1927), 326 Ill. 553; *City of Metropolis v. Industrial Com.* (1930), 339 Ill. 141; *Murphy v. Industrial Com.* (1934), 355 Ill. 419; *City of West Frankfort v. Industrial Com.* (1950), 406 Ill. 452; *City of Danville v. Industrial Com.* (1967), 38 Ill. 2d 479; *Village of Streamwood Police Department v. Industrial Com.* (1974), 57 Ill. 2d 345; cf. *County of Winnebago v. Industrial Com.* (1968), 39 Ill. 2d 260; *Wargo v. Industrial Com.* (1974), 58 Ill. 2d 234; *County of Cook v. Industrial Com.* (1975), 61 Ill. 2d 284.

That there is an ordinance prescribing a policeman's

duties is irrelevant (*City of Metropolis v. Industrial Com.* (1930), 339 Ill. 141), as is a requirement that he take an oath of office or be bonded (*Johnson v. Industrial Com.* (1927), 326 Ill. 553; *Krawiec v. Industrial Com.* (1939), 372 Ill. 560). What is required in order to show that he is an official is an ordinance which in terms creates an "office" of which he is the occupant. Thus in *City of West Frankfort v. Industrial Com.* (1950), 406 Ill. 452, 455, the ordinance stated, "The office of police patrolman is hereby created," and in *City of Danville v. Industrial Com.* (1967), 38 Ill. 2d 479, 481, the ordinance provided, "There is hereby created the office of police sergeants." In each of these cases the employee was held to be an official. By way of contrast, an ordinance merely authorizing the appointment of a policeman does not establish the appointee as an official. *Murphy v. Industrial Com.* (1934), 355 Ill. 419; *Krawiec v. Industrial Com.* (1939), 372 Ill. 560; *Village of Steamwood Police Department v. Industrial Com.* (1974), 57 Ill. 2d 345.

The Commission and the circuit court had before them certified copies of the ordinances introduced by the respondent referred to above. Trial courts may take judicial notice of municipal ordinances. (Ill. Rev. Stat. 1975, ch. 51, par. 48a; *Charles v. City of Chicago* (1952), 413 Ill. 428, 435.) The question whether the claimant was an official could thus have been readily resolved by examining the ordinance without the need of further evidence.

The respondent's ordinance, quoted earlier, in terms "creates offices" in the police department which include those of police patrolmen. Except for its reference to "grades" of department members, which we take to be a reference to the relative rank of each category, the ordinance does not differ in substance from those which were held to establish official status in the cases of *City of Frankfort v. Industrial Com.* (1950), 406 Ill. 452, and *City*

*of Danville v. Industrial Com.* (1967), 38 Ill. 2d 479:

Were the question to come before this court as a new one, we might question the propriety of excluding from workmen's compensation coverage as an "official" a police patrolman who, so far as the record shows, had no one under his command or supervision, and who, in the performance of his assigned duties, might not exercise functions of a supervisory or discretionary nature. In view of the unbroken course of prior decisions on the matter, and of the 1975 amendment to the Workmen's Compensation Act, however, we feel constrained to hold that under the city ordinance here the claimant was an official of the respondent, and that he was therefore not eligible for an award under the Act.

For the reasons given, the judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed;*
*award set aside.*