ROBERT ROMANIK, Plaintiff-Appellant, *v.* THE VILLAGE OF VAL-
MEYER, Defendant-Appellee.

Fifth District   No. 5—83—0777

Opinion filed June 11, 1984.

Robert H. Rice, of Belleville, for appellant.

William R. Hotto, of Fairview Heights, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Robert Romanik, plaintiff, appeals from a judgment of the circuit court of Monroe County denying his petition for a writ of *mandamus* directed toward the village of Valmeyer (village). In his petition, plaintiff alleged that he had been fired from his position as police chief without formal charges having been brought against him, contrary to the provisions of a village ordinance governing the removal of "officials." Plaintiff sought to compel the village to reinstate him as police chief and award him back pay. It is not alleged that plaintiff is entitled to any of the protections afforded by division 2.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 10—2.1—1 *et seq.*).

"One seeking by *mandamus* to compel a restoration to an office must show in his petition that the office legally exists where it is created by ordinance and that he has a legal right to it, and the ordinance should be properly pleaded, as the burden is upon him to show

his right to the office,—*i.e.*, that he is an officer *de jure* as distinguished from an officer *de facto.*" (*People ex rel. Jacobs v. Coffin* (1918), 282 Ill. 599, 604, 119 N.E. 54.) In Illinois, the question of whether a policeman is an official is determined not by reference to the nature of his duties, but by whether the municipal ordinance by virtue of which he serves creates an "office." (*City of Rockford v. Industrial Com.* (1978), 69 Ill. 2d 597, 603, 373 N.E.2d 17.) "What is required in order to show that he is an official is an ordinance which in terms creates an 'office' of which he is the occupant. Thus in *City of West Frankfort v. Industrial Com.* (1950), 406 Ill. 452, 455, the ordinance stated, 'The office of police patrolman is hereby created,' and in *City of Danville v. Industrial Com.* (1967), 38 Ill. 2d 479, 481, the ordinance provided, 'There is hereby created the office of police sergeants.' In each of these cases the employee was held to be an official. By way of contrast, an ordinance merely authorizing the appointment of a policeman does not establish the appointee as an official. *Murphy v. Industrial Com.* (1934), 355 Ill. 419; *Krawiec v. Industrial Com.* (1939), 372 Ill. 560; *Village of Streamwood Police Department v. Industrial Com.* (1974), 57 Ill. 2d 345." 69 Ill. 2d 597, 604.

■ Applying this analysis to the instant case, nothing of record here suggests that there exists any village ordinance creating the "office" of police chief; to the contrary, the only ordinance before us relating to this subject states that the chief of police "shall be appointed by the Mayor, by and with the advice and consent of the Village Board, to serve until such time as he is removed for just cause." This ordinance is insufficient to create the "office" of police chief (69 Ill. 2d 597, 603-04), and the trial court correctly concluded that plaintiff, as a mere employee, was not entitled to the procedural protections afforded to officials by the village ordinances. While plaintiff alternatively argues that he was discharged without just cause, this claim was neither made in the petition nor advanced at the hearing; accordingly, it is not before us here. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.

For the foregoing reasons, the judgment of the circuit court of Monroe County is affirmed.

Affirmed.

JONES and KASSERMAN, JJ., concur.