PHILLIP W. DANIELS, Plaintiff-Appellee, v. THE CITY OF VENICE *et al.*, Defendants-Appellants.

Fifth District   No. 5—86—0578

Opinion filed November 10, 1987.

Lawrence T. Hartman, of Granite City, for appellant City of Venice.

James S. Reeves, of James S. Reeves, P.C., of Alton, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, City of Venice (City), appeals from the judgment and subsequent amended judgment entered by the circuit court of Madison County in favor of plaintiff, Phillip W. Daniels, for compensation not paid by the City for plaintiff's service as an alderman on the Venice city council and as a member of the Venice Volunteer Fire Company, an unincorporated association. We affirm.

According to the joint stipulation of facts filed by the parties in this case, plaintiff, both prior and subsequent to the filing of his complaint on March 2, 1980, served simultaneously as an alderman and as a member of the volunteer fire company for the City of Venice. During this time, members of the Venice city council were entitled to monetary compensation for attendance and participation at city council meetings, and members of the Venice Volunteer Fire Company were entitled to monetary compensation for their assistance on specific fire occurrences and for weekend work around the firehouse. The City refused to pay plaintiff compensation for his services as a volunteer fireman prior to July 1, 1982, on the basis of section 3—4—3 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 3—4—3), which precluded the holding of dual offices by an alderman. The City further refused to pay plaintiff for all city council meetings not attended by him in excess of two per year. The trial court found that plaintiff was entitled to compensation for his services in the amount of $4,173 plus interest.

Prior to July 1, 1982, section 3—4—3 of the Illinois Municipal Code provided:

> "No mayor, alderman, city clerk, or city treasurer, shall hold any other office under the city government during his term of office except as otherwise provided in sections 3—4—15 and 3—

11—28." (Ill. Rev. Stat. 1981, ch. 24, par. 3—4—3.)

Effective July 1, 1982, this same section was amended to include "and except that such officer may serve as a volunteer fireman and receive compensation for such service." (Ill. Rev. Stat. 1981, ch. 24, par. 3—4—3.) The City argues that under rules of statutory construction, an amendatory change in the language of a statute creates a presumption that the legislature intended to change the law as it previously existed. (See *Weast Construction Co. v. Industrial Comm'n* (1984), 102 Ill. 2d 337, 340, 466 N.E.2d 215, 216.) This presumption is not controlling, however. (*People v. Nunn* (1979), 77 Ill. 2d 243, 248, 396 N.E.2d 27, 29.) It is possible that such addition serves only to clarify or interpret the wording of the original statute. (See *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 271, 408 N.E.2d 204, 209; *People v. Nunn*, 77 Ill. 2d at 249, 396 N.E.2d at 29; *County of Cook v. Industrial Comm'n* (1973), 55 Ill. 2d 540, 546, 304 N.E.2d 616, 619.) The issue then is whether a volunteer fireman falls within the intendments of "any other office under the city government."

■■ ■ The term "office" refers to a position held by an "officer" of a municipality by virtue of his election or appointment to that position, the incumbent of which is assigned the continuous performance of certain permanent public duties. It does not include mere city employees. (*Village of Round Lake Beach v. Brenner* (1982), 107 Ill. App. 3d 1, 4, 436 N.E.2d 1058, 1060; *Rudd v. Sarallo* (1969), 111 Ill. App. 2d 153, 159, 249 N.E.2d 323, 327.) Distinguishing factors between an employee and an official include the nature of the duties, the functions or services to be performed and the power granted and wielded. (*People ex rel. Adamowski v. Wilson* (1960), 20 Ill. 2d 568, 583, 170 N.E.2d 605, 613-14.) Generally, an officer is appointed to serve for a specified time, takes an oath of office and has supervisory and discretionary authority which an employee does not. (See *City of Rockford v. Industrial Comm'n* (1978), 69 Ill. 2d 597, 603-05, 373 N.E.2d 17, 19-20; *Dianis v. Waenke* (1975), 29 Ill. App. 3d 133, 140-42, 330 N.E.2d 302, 308-10.) No evidence on the record before us indicates that a volunteer fireman is anything more than an employee. The language of the amendment therefore served only to clarify the existing statute, not to add a new provision. Consequently, plaintiff was entitled to receive compensation for his services as a member of the voluntary fire company while also serving as an alderman.

The City also raises a question as to the propriety of awarding plaintiff compensation for city council meetings he did not attend. The City, however, has failed to provide us with a complete record on appeal to resolve this issue. We have absolutely nothing before us per-

taining to plaintiff's attendance or nonattendance at the city council meetings in question. It is clear from the record that a hearing on this issue was held, but we have no report of any such proceedings. Nor is there any mention of these meetings made in the stipulation of facts.

■■ ■ The City, as the appealing party, has the duty to present us with a complete record on appeal. (See *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 808, 459 N.E.2d 1164, 1167; *Coombs v. Wisconsin National Life Insurance Co.* (1982), 111 Ill. App. 3d 745, 746, 444 N.E.2d 643, 644.) Any doubts arising from the incomplete record, therefore, are resolved against the City. (See *Lakeland Property Owners,* 121 Ill. App. 3d at 809, 459 N.E.2d at 1168; *People v. Cranford* (1983), 119 Ill. App. 3d 226, 231, 456 N.E.2d 610, 614.) As a result, those issues which depend for resolution upon facts not in the record mandate affirmance. (*Lakeland Property Owners,* 121 Ill. App. 3d at 809, 459 N.E.2d at 1168; *Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 721, 365 N.E.2d 115, 117.) We further presume the trial court, upon stating that it was fully advised in the matter, heard adequate evidence to support its decision and that its judgment conformed to the law. (*Lakeland Property Owners,* 121 Ill. App. 3d at 808, 459 N.E.2d at 1167; *Cranford,* 119 Ill. App. 3d at 231, 456 N.E.2d at 613-14.) We see no indication in this instance that such is not the case.

■■ The City's final contention pertains to the trial court's denial of its request to supplement the record. The City wished to enter into evidence chapter 1, article 7, section 4, of the Venice Municipal Code pertaining to compensation for aldermen after the record in the case was closed. We find that the trial court did not abuse its discretion in denying the City's request. In addition to the fact that trial courts may take judicial notice of municipal ordinances (see *City of Rockford v. Industrial Comm'n* (1978), 69 Ill. 2d 597, 604, 373 N.E.2d 17, 20; *Cooper v. Village of Lincolnshire* (1969), 108 Ill. App. 2d 251, 255, 247 N.E.2d 434, 436), the trial court here specifically was made aware during the proceedings of the existence of and wording of the ordinance by both parties. We fail to see how the City was prejudiced by the trial court's denial.

For the foregoing reasons, we affirm the judgment of the circuit court of Madison County.

Affirmed.

WELCH and HARRISON, JJ., concur.